MATTER OF HOLGUIN

In Deportation Proceedings

A-19052331

A-19052332

*Decided by Board November 19, 1969*

Where respondents' generalized statements of the reasons for their appeals do not indicate the aspect of the special inquiry officer's orders they consider incorrect and for what reason, their appeals in deportation proceedings from orders of the special inquiry officer granting voluntary departure, the relief requested, and the only relief for which eligible, are summarily dismissed as frivolous appeals and oral argument thereon denied by the Board of Immigration Appeals since respondents failed to clearly specify the reasons for their appeals within the meaning of 8 CFR 3.1(d) (1-a) (i), and they were granted the relief requested by the special inquiry officer (8 CFR 3.1(d) (1-a) (iii)).

CHARGE:

Order: Act of 1952—Section 241(a) (2) [8 U.S.C. 1251(a) (2)]—Nonimmigrant—remained longer (both respondents).

ON BEHALF OF RESPONDENTS: Manuel Lopez, Esquire
1725 West Beverly Boulevard
Los Angeles, California 90026

Respondents, husband and wife, appeal from orders of a special inquiry officer finding them deportable and granting them voluntary departure. Their notices of appeal request oral argument before this Board. The requests for oral argument will be denied and the appeals will be summarily dismissed pursuant to 8 CFR 3.1(d) (1-a).

The facts are not in dispute. The respondents are natives and citizens of Mexico. The husband, aged 33, was last admitted to the United States on November 23, 1966. The wife, aged 28, was last admitted on December 18, 1966. Both were admitted as temporary visitors and authorized to remain until May 9, 1969. A child born to them on September 23, 1967, in Los Angeles, is a citizen of the United States.

Orders to show cause, issued on July 18, 1969, charged alienage and entry as above-stated and that respondents had remained longer than permitted. At a joint deportation hearing on August 29, 1969, at which they were represented by counsel, both respondents admitted the truth of the factual allegations of their respective orders to show cause and conceded deportability as charged. Each applied for the privilege of voluntary departure. It was brought out that both respondents had submitted applications for immigrant visas to the American Consul at Juarez, Mexico four months previously. Counsel estimated that it would be roughly two or three months before the visas would be issued.

The special inquiry officer stated that he would not be able to grant the respondents sufficient time to remain in the United States to await the visas, pointing out that any extension of the voluntary departure time he fixed would be a matter for the District Director to decide. The special inquiry officer entered separate orders granting respondents until September 19, 1969 to depart voluntarily, with alternate orders for their deportation to Mexico if they failed to depart by that date or any extended date fixed by the District Director. It is these orders which are before us on appeal.

In the space provided for a statement of the reasons for the appeal, each notice of appeal sets forth, "Decission [sic] is contrary to customary and enacted law as it relates to the operative facts in the present matter." No briefs have been filed.

Appeals to this Board from decisions of special inquiry officers in deportation cases are generally available as a matter of right. Most such appeals are submitted to the Board for adjudication on the record and briefs, if any, without request for oral argument. Under 8 CFR 3.6, execution of the special inquiry officer's order is stayed pending appeal. The availability of this respite from deportation opens the door to appeals which are purely frivolous and taken solely for purposes of delay. As we stated in *Matter of aqui*, Interim Decision No. 1964 (BIA, 1969), "Delay as an end in itself, whether achieved by obstructionism or dilatory tactics, cannot in our view be considered a legitimate object."

Frivolous and dilatory appeals are extremely wasteful of the service's and this Board's limited resources. They require needless transcription of the records of deportation hearings. They impinge upon the time and professional attention needed for truly meritorious cases, of which there are many. Effective administration of the immigration laws requires that we discourage

frivolous appeals. We try to do this by expediting our consideration and decision in appeals of that sort.

Under 8 CFR 3.1(e), oral argument on appeal before the Board is available upon request. The opportunity for oral argument serves a useful purpose in many cases. In frivolous and dilatory appeals, it merely makes available an additional avenue of delay. Since our calendars of oral argument automatically guarantees at least some delay. Oral arguments before the Board are recorded and transcribed, and this, too, makes for delay.

It has been our sad experience that in many appeals in which oral argument has been requested, neither the attorney nor the respondent appearing pro se is present when the case is called, and the Board receives no advance notice of their non-attendance. In such instances, we consider the case as submitted on the record. Such requests for oral argument and failure to appear do afford a little more delay, where that is the real object of the appeal; but they are extremely wasteful of the Government's facilities. Not only is oral argument delayed in other cases which have been preempted on the oral argument calendar, but valuable professional time is needlessly expended by Board members and Service attorneys in preparing for oral arguments which never materialize.

8 CFR 3.1(d)(1-a) provides as follows:

*Summary dismissal of appeals.* Notwithstanding the provisions of paragraph (e) of this section, the Board may deny oral argument concerning, and summarily dismiss, any appeal in any deportation proceeding under Part 242 of this chapter in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal), (ii) the only reason specified by the party concerned for his appeal involves a finding of fact or a conclusion of law which was conceded by him at the hearing, or (iii) the appeal is from an order that granted the party concerned the relief which he requested.

As we have pointed out, we deal promptly with frivolous appeals submitted on the record without oral argument. The above-quoted regulation was designed to permit us to deal equally promptly with frivolous appeals in which oral argument has been requested. In our view, these are such appeals.

The generalized statements of the reasons for these appeals, as set forth in the respective notices of appeal, are totally inadequate. They do not tell us what aspect of the special inquiry officer's order they consider incorrect and for what reason. They do not apprise the Service of the issues its representative must be prepared to discuss at the oral argument. Respondents have

clearly failed to specify the reasons for their appeals within the meaning of 8 CFR 3.1 (d) (1–a) (i), *supra*.

From our review of the record, we are satisfied that deportability has been established by evidence that is clear, convincing and unequivocal. The only form of discretionary relief for which respondents are eligible is voluntary departure. They requested this relief and the special inquiry officer granted it. This would appear to bring their appeals squarely within the ambit of 8 CFR .1 (d) (1–a) (iii), *supra*.

Even if the notices of appeal be considered as specifying that the special inquiry officer was arbitrary in granting only three weeks' departure time, we would still be required to dismiss these appeals. As the special inquiry officer pointed out, and as we have consistently held, under 8 CFR 244.2 the extension of voluntary departure time is within the sole jurisdiction of the District Director. In view of the indefiniteness of the additional time needed for visa purposes and in view of the adequacy of the administrative remedy available under 8 CFR 244.2, the special inquiry officer's refusal to fix a longer departure period can scarcely be called arbitrary.

As we have pointed out in *Matter of Aguirre*, Interim Decision . 1940 (BIA, 1969), under 8 CFR 3.6 the running of the voluntary departure time authorized by the special inquiry officer has been stayed pending appeal. Thus, the respondents still have 21 days from the date of our decision within which to depart voluntarily and thereby avoid the automatic entry of the deportation orders prescribed by the special inquiry officer.

ORDER: It is ordered that the requests for oral argument be denied and that the appeals be dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's orders, the respondents be permitted to depart from the United States voluntarily within 21 days from the date of this decision or any extension beyond that date as may be granted by the District Director; and that, in the event of failure so to depart, the respondents shall be deported as provided in the special inquiry officer's orders.