909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zbigniew SZLICHTA, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 89-2635.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 20, 1990.*
Decided Aug. 1, 1990.
 
 Before CUDAHY, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Zbigniew Szlichta, a Polish national, appeals from the summary dismissal of his petition for political asylum by the Board of Immigration Appeals (Board). The Board dismissed the case because Szlichta failed to meaningfully identify the grounds for his appeal. He challenges both the Board's use of summary dismissal and its failure to reverse the decision of the immigration judge denying political asylum.
 
 
 2
 Szlichta first entered the United States as a visitor for pleasure in 1980 after the Communist government in Poland imposed martial law. While in Chicago he joined a charitable organization called POSMOST, which supported the establishment of an independent Polish government. With this group, he twice marched in front of the Polish consulate office in Chicago protesting martial law. Meanwhile back in Poland, his wife had become a member of the outlawed Solidarity union. When he returned to Poland in 1982, he was summoned to a local police station on several occasions and questioned by police. In 1985, Szlichta returned to the U.S., again on a visitor's visa.
 
 
 3
 By November 1986, the Immigration and Naturalization Service (INS) had commenced deportation proceedings against him. After a hearing on his request for asylum on April 17, 1987, the immigration judge denied the request for asylum and withholding of deportation. Szlichta filed a notice of appeal to the Board on April 27, 1987 and requested time to file a brief. On August 30, 1988, Szlichta's attorney filed a motion to waive oral argument and the filing of a brief because Szlichta refused to cooperate with him. The INS then moved for summary dismissal for failure to specify the basis for the appeal. Szlichta filed no response to this motion. On April 28, 1989, the Board summarily dismissed the appeal pursuant to 8 C.F.R. p 3.1(d)(1-a).
 
 
 4
 The only question we address is whether summary dismissal is proper under p 3.1(d)(1-a) when a petitioner files a notice of appeal which states in generalized terms the reasons for the appeal, but fails to file a brief or request oral argument. Paragraph 3.1(d)(1-a) provides:
 
 
 5
 The Board may summarily dismiss any appeal in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal); (ii) the only reason specified by the party concerned for his appeal involves a finding of fact or a conclusion of law which was conceded by him at the deportation or exclusion hearing; (iii) the appeal is from an order that granted the party concerned the relief which he requested, or (iv) the Board is satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay.
 
 
 6
 [Emphasis added). Szlichta's notice of appeal merely stated that "[t]he Immigration Judge erred in not granting Asylum," and "[t]he respondent established a well founded fear of persecution." Such bare bone conclusions are not enough for the Board to deduce the pertinent factual issues and write a well-reasoned opinion. We agree with the four other circuits that have addressed this question and hold that a summary dismissal in such a case is proper. Athehortua-Vanegas v. I.N.S., 876 F.2d 238, 241 (1st Cir.1989) (shapeless conclusion in notice of appeal is manifestly insufficient to delineate the legal bases upon which the argument rests); Bonne-Annee v. I.N.S., 810 F.2d 1077, 1078 (11th Cir.1987) (general appellate statement without filing a brief is insufficient); Townsend v. I.N.S., 799 F.2d 179, 183 (5th Cir.1986) (conclusory statement without filing a brief is clearly inadequate); Reyes-Mendoza v. I.N.S., 774 F.2d 1364, 1365 (9th Cir.1985) (abbreviated statement in notice of appeal is insufficient where no supporting brief is filed); see also In re Keyte, Interim Dec. No. 3128 (BIA Feb. 28, 1990) (appeal dismissed where petitioners stated that the decision of the immigration judge was unfair and failed to file a brief); In re Cespedes, Interim Dec. No. 3077 (BIA Sept. 20, 1988) (appeal dismissed where no supporting brief is filed and the INS's motion for summary dismissal went unopposed); In re Valencia, Interim Dec. No. 3006 (BIA Feb. 14, 1986) (appeal dismissed where petitioner made a generalized statement on appeal, failed to file a brief, and failed to request oral argument); In re Holguin, 13 I & N Dec. 423 (BIA 1969); cf. Medrano-Villatoro v. I.N.S., 866 F.2d 132 (5th Cir.1989) (notice of appeal listing nine claims of error is sufficient, even though no brief filed).
 
 
 7
 Therefore, the decision of the Board denying the petition for political asylum is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record