967 F.2d 583
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Magdy Mohamed ANWAR, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70428.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Magdy Mohamed Anwar, a native and citizen of Egypt, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to adequately specify the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a and deny the petition for review.
 
 
 3
 * Background
 
 
 4
 On August 3, 1990, Anwar was issued an order to show cause why he should not be deported pursuant to section 241(a)(2) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(2), as an alien who entered the United States without inspection and pursuant to section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4), as an alien convicted of a crime of moral turpitude within five years of entry into the United States.
 
 
 5
 On March 21, 1990, the immigration judge ("IJ"), after holding a hearing, found Anwar deportable. Anwar, acting pro se, timely filed a Form I-290A notice of appeal with the BIA in which he gave the following reason for his appeal:
 
 
 6
 The IJ did not advise respondent for any form of relief coupled with the fact that respondent has a serious heart problem.
 
 
 7
 In his notice of appeal, Anwar also indicated that he would file a supplemental brief. No brief, however, was ever filed. On June 29, 1991, the BIA summarily dismissed Anwar's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). The BIA found that Anwar "in no meaningful way identified the basis of the appeal." Anwar timely petitions this court for review.
 
 II
 Standard of Review
 
 8
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 9
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if the alien fails to specify the reasons for the appeal in the notice of appeal. We have held that summary dismissal is appropriate if the alien fails to adequately "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981) (citing Matter of Holquin, 13 I & N Dec. 423, 425-26 (BIA 1969)). Likewise, in Toquero, we held that "a generalized and conclusory statement ... does not provide meaningful guidance to the BIA ..., [and] does not satisfy the regulation's rigorous requirements." 956 F.2d at 195.
 
 
 10
 Here, Anwar's notice of appeal is conclusory and does not adequately inform the BIA of the specific grounds for his appeal. The statements in the notice of appeal fail to cite any legal authority or any specific facts surrounding the IJ's alleged errors and in no meaningful way apprised the BIA of the specific legal or factual basis for his appeal. See id. Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) for failure to adequately specify the grounds for appeal in the notice of appeal was "appropriate." See id.; Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Anwar's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3