996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jorge ORTIZ-SALAZAR, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70815.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ortiz-Salazar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to adequately specify the grounds for the appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. § 1105a and grant the petition for review.
 
 
 3
 * Background
 
 
 4
 On July 22, 1991, Ortiz-Salazar was issued an order to show cause ("OSC") why he should not be deported pursuant to section 241(a)(2)(A)(ii) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. § 1251(a)(2)(A)(ii), as an alien convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal conduct. The OSC alleged that Ortiz-Salazar had two separate convictions relating to the sexual abuse of two young children.
 
 
 5
 Ortiz-Salazar admitted the allegations in the OSC and conceded deportability, but sought relief from deportation pursuant to section 212(c) of the Act. On July 14, 1992, the immigration judge ("IJ"), after holding a hearing, denied Ortiz-Salazar's request for section 212(c) relief and ordered him deported. Ortiz-Salazar, through counsel, filed a notice of appeal with the BIA in which he gave the following reason for his appeal:
 
 
 6
 The decision of the Immigration Judge was erroneous and against the evidence presented. Mr. Jorge Ortiz-Salazar has numerous equities which must be considered as outstanding and unusual under Matter of Buscemi. Mr. Ortiz has had his legal permanent residency since 1965, has an extensive work history in the United States, has a United States citizen wife, has three United States citizen children, has 7 United States citizen siblings, a United States citizen father, an extensive family in the U.S. Mr. Ortiz is a property owner in the U.S., owning a home in Connell, Washington. Mr. Ortiz has been convicted of two serious felonies, statutory rape in the first degree and child molestation in the first degree. However, through testimony, it was made clear that he is now rehabilitating himself through a sexual offender treatment program, and has done everything possible to better himself. When reviewing the testimony and documents presented, it is clear that Mr. Ortiz has established unusual and outstanding equities not only under the Matter of Marin, but also Matter of Buscemi. This case should be granted under Section 212(c) of the INA.
 
 
 7
 In his notice of appeal, Ortiz-Salazar also indicated that he would file a supplemental brief. No brief, however, was ever filed. On September 23, 1992, the BIA summarily dismissed Ortiz-Salazar's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i). The BIA found that Ortiz-Salazar "in no meaningful way identified the basis of the appeal." Ortiz-Salazar timely petitions this court for review.
 
 II
 Standard of Review
 
 8
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' ' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 9
 Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if the alien fails to specify the reasons for the appeal in the notice of appeal. We have held that summary dismissal is appropriate if the alien fails to adequately "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981) (citing Matter of Holquin, 13 I & N Dec. 423, 425-26 (BIA1969)). Likewise, in Toquero, we held that "a generalized and conclusory statement ... does not provide meaningful guidance to the BIA ..., [and] does not satisfy the regulation's rigorous requirements." 956 F.2d at 195.
 
 
 10
 Here, however, Ortiz-Salazar's notice of appeal did sufficiently inform the BIA of the specific grounds for his appeal. The statement in the notice of appeal alleges that the IJ's decision denying section 212(c) was erroneous and cites specific evidence in support Ortiz-Salazar's request for equitable relief for the BIA's consideration. Moreover, the notice of appeal also cites legal authority governing establishment of outstanding equities. Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i) for failure to adequately specify the grounds for appeal in the notice of appeal was not "appropriate." See id.; Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65. Accordingly, we remand this case to the BIA for consideration of Ortiz-Salazar's claim that the IJ erred by finding that Ortiz-Salazar's outstanding equities did not warrant discretionary relief under section 212(c).
 
 
 11
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3