19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ernesto T. GARCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70672.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernesto T. Garcia, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal for failure to adequately specify the grounds for the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a and grant the petition for review.
 
 
 3
 * Background
 
 
 4
 On August 3, 1988, Garcia was charged with being deportable pursuant to section 241(a)(2) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. Sec. 1251(a)(11), as a non-immigrant alien who had remained in the United States longer than permitted.[1]
 
 
 5
 Garcia sought relief from deportation in the form of adjustment of status under section 245 of the Act, 8 U.S.C. Sec. 1255, based on the approval of an I-130 visa petition filed on his behalf by his wife, a United States citizen. In the alternative, Garcia sought voluntary departure pursuant to section 244(e) of the Act, 8 U.S.C. Sec. 1254(e).
 
 
 6
 On November 7, 1989, the immigration judge ("IJ"), after holding a hearing, denied Garcia's request for a section 245 adjustment and his request for voluntary departure and ordered him deported. Garcia, through counsel, filed a notice of appeal with the BIA in which he gave the following reason for his appeal:
 
 
 7
 A. Immigration Judge abused his discretion in denying respondent's applications for adjustment of status, I-601 waiver and voluntary departure.
 
 
 8
 B. The Immigration Judge's finding that respondent was lying at his deportation hearing was not supported by reasonable, substantial, probative evidence.
 
 
 9
 C. The respondent was denied his statutory, regulatory and due process rights to a fair deportation hearing.
 
 
 10
 D. The failure of the court interpreter to interpret competently between English and Tagalog extremely prejudiced respondent, and resulted in the denial of a fair deportation hearing, which at the very least requires a reversal, a remand, and a new hearing on the merits.
 
 
 11
 In his notice of appeal, Garcia also indicated that he would file a supplemental brief and requested 45 days from his receipt of the transcript in which to file it. On September 17, 1990, a transcript of the proceedings was sent to Garcia's counsel and he was given until October 24, 1990 to file his response. No brief, however, was ever filed. On May 13, 1993, the BIA summarily dismissed Garcia's appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i). The BIA found that Garcia "in no meaningful way identified the basis for the appeal." Garcia timely petitions this court for review.
 
 II
 Standard of Review
 
 12
 "Although our Circuit has 'not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.' " Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992) (quoting Martinez-Zelaya v. INS, 841 F.2d 294, 295 (9th Cir.1988)); see also Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991) (ruling on the "appropriateness" of the BIA's summary dismissal).
 
 III
 Analysis
 
 13
 Pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i), the BIA may summarily dismiss an appeal if the alien fails to specify the reasons for the appeal in the notice of appeal. We have held that summary dismissal is appropriate if the alien fails to adequately "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1981) (citing Matter of Holquin, 13 I & N Dec. 423, 425-26 (BIA1969)). Likewise, in Toquero, we held that "a generalized and conclusory statement ... does not provide meaningful guidance to the BIA ..., [and] does not satisfy the regulation's rigorous requirements." 956 F.2d at 195.
 
 
 14
 Here, while many of Garcia's statements in his notice of appeal were general and conclusory, we find that he did sufficiently inform the BIA of the basis for his appeal. First, the statement in the notice of appeal alleges that the IJ's decision denying adjustment of status and voluntary departure was erroneous. Next, Garcia specifically challenges the IJ's finding that Garcia had lied at his deportation hearing. Even a cursory review of the IJ's decision by the BIA would have revealed that the IJ's denial of section 245 adjustment and voluntary departure was based primarily on the IJ's finding that Garcia had misled the court regarding the reasons why he had failed to indicate on a 1987 asylum application that he had been arrested. Thus, based on the information contained in the notice of appeal, the BIA's summary dismissal under 8 C.F.R. Sec. 3.1(d)(1-a)(i) for failure to adequately specify the grounds for appeal in the notice of appeal was not "appropriate." See id.; Martinez-Zelaya, 841 F.2d at 296; Reyes-Mendoza, 774 F.2d at 1364-65. Accordingly, we remand this case to the BIA for consideration of Garcia's claim that the IJ abused its discretion by denying section 245 relief or voluntary departure based on the IJ's determination that Garcia had misled the court.
 
 
 15
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Previously, Garcia had been issued an order to show cause ("OSC") why he should not be deported pursuant to section 241(a)(11) of the Immigration and Naturalization Act ("Act"), 8 U.S.C. Sec. 1251(a)(11), as an alien convicted on a controlled substance violation. The OSC alleged that Garcia had been convicted of selling cocaine. Garcia denied the allegations in the OSC. The immigration judge found that the conviction had been vacated and thus there was no conviction which would support a finding for deportability under 241(a)(11)