**Hardeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 99–71314.
I & NS No. A75–317–774.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 2001.*

Decided June 5, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG, and T.G. NELSON, Circuit Judges, and D. PREGERSON, District Judge.**

### MEMORANDUM ***

Hardeep Singh, a native and citizen of India, appeals the Board of Immigration Appeal's ("BIA") summary dismissal of his appeal due to Singh's failure to adequately state the reasons for the appeal on Form EOIR–26 and for his failure to provide a brief as he indicated on the appeal form. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here except as necessary to explain our disposition. We have jurisdiction under 8 U.S.C. § 1252(b), and we affirm the BIA's decision.

On appeal, Singh argues that he should be granted asylum. However, the BIA did not reach the merits of Singh's claims when it summarily dismissed the appeal. In *Martinez–Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir.1988), we explained that our "review is confined to the BIA's decision and the bases upon which the BIA relied." Thus, we review only the BIA's summary dismissal of Singh's appeal.

The BIA based its summary dismissal on 8 C.F.R. § 3.1(d)(1–a)(i)(A) and (E) (1998).[1] The BIA was correct in dismiss-ing the appeal because Singh's counsel failed to adequately specify the legal or factual basis for the appeal. In stating reasons for the appeal, a petitioner should specifically, "inform the BIA of what aspects of the IJ's decision are allegedly incorrect and why." *Reyes–Mendoza v. INS*, 774 F.2d 1364, 1365 (9th Cir.1985) (citing *Matter of Holquin*, 13 I. & N. Dec. 423, 425–26 (BIA 1969)). Despite having plenty of room to write the reasons for the appeal, the stated reasons provided by Singh's attorney only took up three lines and were very brief and general. Additionally, Singh's counsel indicated on the form that "there are other legal reasons which will be cited in the brief," but counsel never filed a brief and provided no explanation to the BIA why it was not filed.

This is an unfortunate case where the incompetency of Singh's counsel jeopardized his appeal. Under the law, however, the BIA was justified in the summary dismissal of the appeal.

AFFIRMED.

** Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Relevant portions of 8 C.F.R. § 3.1(d)(1–a) are:

   *Summary dismissal of appeals* (i) *Standards.* The Board may summarily dismiss any appeal or portion of any appeal in any case in which:

   (A) The party concerned fails to specify the reasons for the appeal on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith;
   (E) The party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal, and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing[.]