988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mario Rafael ARANA-JARQUIN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70773.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1993.*
Decided March 10, 1993.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Ajo-opf-hkl.
 BIA
 PETITION DENIED.
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mario Rafael Arana-Jarquin, a citizen of Nicaragua, petitions for review of a final order of the Board of Immigration Appeals ("the Board" or "BIA") denying his requests for asylum under 8 U.S.C. § 1158(a) or withholding of deportation under 8 U.S.C. § 1253(h). Arana-Jarquin concedes deportability but contends that he has a well-founded fear or probability of persecution if returned to Nicaragua.
 
 
 3
 The immigration judge ("IJ") denied Arana-Jarquin's requests for asylum and withholding of deportation. The IJ took administrative notice that the Sandinista Party no longer governs in Nicaragua and that a coalition led by Violeta de Chamorro is now in power. A.R. at 29. Based on this fact, the IJ found that petitioner did not have a well-founded fear of persecution by the Nicaraguan government. Id. The IJ concluded that, even assuming petitioner had suffered past persecution in Nicaragua, which he found that petitioner had not, petitioner had not demonstrated any humanitarian or other compelling bases warranting a grant of asylum. A.R. at 30. Finally, the IJ denied petitioner's request for voluntary departure as a matter of discretion, because petitioner had not registered as required by the Selective Service Act. 50 U.S.C. app. § 453. An appeal was taken to the Board of Immigration Appeals.
 
 
 4
 The Board affirmed the IJ's decision, holding that "given the changes in the Nicaraguan government occasioned by the democratic elections, we do not find the respondent's fear to be well-founded within the meaning of the Act." A.R. at 4. The Board rejected as speculative petitioner's contentions that the Sandinista Party is still in control and would be inclined to persecute him. The Board noted that petitioner had not offered any corroborative background evidence to substantiate this contention. Id. The Board further held that even if petitioner had suffered past persecution there were no humanitarian or other compelling bases that would presently warrant a grant of asylum. Id. at 5.
 
 
 5
 Finally, the Board stated that petitioner had inadequately raised the issue of the denial of his request for voluntary departure. Id. The Board acknowledged that petitioner apparently had attempted to raise the issue in the Notice of Appeal by reference to "denial of ... VR" but he failed to identify any error on the part of the IJ and thus did not "meaningfully raise an objection." Id.
 
 
 6
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1) (Immigration and Nationality Act).
 
 I.
 
 7
 Petitioner entered the United States illegally on November 18, 1987. He testified that he served in the Nicaraguan Army from 1978 until 1983, when he deserted. He was later arrested and convicted for desertion and sentenced to two years imprisonment. He served two months and was released upon agreeing to act as an informer against individuals who opposed the government. He gave regular reports until 1986. When he stopped giving reports, he was again arrested. The authorities threatened to arrest his father and brother unless he agreed to assist the government by servicing the refrigeration equipment at a government operated fish factory, an area in which he enjoyed some expertise. He again complied with the government's demands. He obtained permission to travel to Mexico in 1987 in connection with his work. Rather than returning to Nicaragua, he entered the United States.
 
 II.
 
 8
 Arana-Jarquin seeks either asylum or withholding of deportation under the Immigration and Nationality Act, §§ 208(a) and 243(h) respectively, 8 U.S.C. §§ 1158(a) and 1253(h). An alien who has suffered past persecution or who has a "well-founded fear" of being persecuted in the future "on account of race, religion, nationality, membership in a particular social group, or political opinion" is eligible for asylum, 8 U.S.C. § 1101(a)(42), but the decision whether to grant asylum is within the discretion of the Attorney General, 8 U.S.C. § 1158(a); see INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987); see also Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5 (BIA Int.Dec. No. 3104, Apr. 25, 1989) (alien who suffers "atrocious forms of [past] persecution" is eligible for asylum even without well-founded fear of future persecution and may be entitled to "favorable exercise of [Attorney General's] discretion ... for humanitarian reasons"); cf. 8 C.F.R. § 208.13(b)(1) (governing "past persecution" asylum claims filed on or after October 1, 1990).
 
 
 9
 The "well-founded fear" standard has an objective component and a subjective component. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). The subjective prong is satisfied by "a showing that the alien's fear is genuine." Id. The objective prong is satisfied by a showing, on the basis of "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." Id.
 
 
 10
 An alien who meets a higher standard, showing that "it is more likely than not that [he] would be subject to persecution" if returned to his home country, has a right to withholding of deportation, INS v. Stevic, 467 U.S. 407, 429-30 (1984), even if the Attorney General exercises his discretion to deny him asylum.
 
 
 11
 The Board's determination of an alien's statutory eligibility for asylum is reviewed for substantial evidence. Estrada-Posadas, 924 F.2d at 918; Sagermark v. INS, 767 F.2d 645, 649 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). "Although under this standard we review the findings by a slightly stricter scrutiny than the clear error standard, we 'must be careful to keep it sufficiently more deferential than de novo review.' " Rodriguez-Rivera v. United States Dep't of Immigration & Naturalization, 848 F.2d 998, 1001 (9th Cir.1988) (quoting Diaz-Escobar v. INS, 782 F.2d 1488, 1492 (9th Cir.1986)).
 
 
 12
 'Under the deferential substantial evidence standard ... we may not reverse the BIA simply because we disagree with its evaluation of the facts, but only if we conclude that the BIA's evaluation is not supported by substantial evidence.' [citation omitted]. If '[t]here is substantial evidence in the record to support the conclusion that [the petitioner] failed to establish an objectively reasonable fear or expectation of persecution,' the petitioner will have 'failed to establish that his fear was well-founded.' [citation omitted]. 'All the substantial evidence standard requires is that the BIA's conclusion, based on the evidence presented, be substantially reasonable.'
 
 
 13
 De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quoting Diaz-Escobar, 782 F.2d at 1493); see also Estrada-Posadas, 924 F.2d at 918.
 
 
 14
 The agency's ultimate decision to grant or deny asylum is reviewed for abuse of discretion. De Valle, 901 F.2d at 790; Florez-de Solis v. INS, 796 F.2d 330, 333 (9th Cir.1986); Estrada v. INS, 775 F.2d 1018, 1021 (9th Cir.1985).
 
 III.
 
 15
 Arana-Jarquin's petition for review presents two basic reasons for his fear that he will suffer persecution if forced to return to Nicaragua.
 
 A.
 
 16
 First, he fears retribution because he broke his agreement with the Sandinista government. Pet.Br. at 5. Ostensibly, the agreement was that he would return to Nicaragua after his trip to Mexico to buy refrigeration parts. As the immigration judge noted in his decision, however, what petitioner really fears is that he will have to serve the time remaining in his sentence for deserting the army. It is well established that a government does not commit persecution by instituting compulsory military service and imposing civil or criminal penalties against persons who refuse to comply. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1005 (9th Cir.1988) (Salvadoran government's efforts to recruit alien into the military does not constitute persecution); Kaveh-Haghigy v. INS, 783 F.2d 1321, 1323 (9th Cir.1986) (per curiam) (being drafted to serve in the Iranian army does not amount to persecution); Khalaf v. INS, 909 F.2d 589, 591-92 (1st Cir.1990) (likely Jordanian imprisonment for failure to fulfill military obligation is prosecution, not persecution). That he may suffer some sort of punishment for failing to live up to his agreement with the Sandinista government does not constitute persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion" as required by 8 U.S.C. 1101(a)(42)(A) and 8 U.S.C. § 1158(a).
 
 B.
 
 17
 Secondly, Arana-Jarquin contends that members of his family took part in demonstrations against the Sandinista government, and he is afraid that he will be persecuted because of their activities. Pet.Br. at 5. Petitioner testified that his father and two brothers participated in demonstrations against the government at various times and that they were detained because of their political activities. Petitioner, however, was never detained because of their activities. To the contrary, the Sandinista government gave him a responsible position in the refrigeration plant at a fish factory operated by the government. The only harm suffered by petitioner as a result of his family's political activities was that the household's food ration was reduced. A.R. at 58-60. This does not constitute persecution. See Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of food discounts and special work permits does not establish persecution); Raass v. INS, 692 F.2d 596 (9th Cir.1982) (asylum relief depends on something more than generalized economic disadvantage). This is especially so given that the petitioner acknowledged that his family was able to secure food on the black market. A.R. at 60.
 
 IV.
 
 18
 Additionally, the Board found that even if Arana-Jarquin had suffered past persecution in Nicaragua, he had failed to demonstrate a humanitarian or other compelling basis upon which the BIA could grant him asylum in the exercise of its discretion. See Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5 (BIA Int.Dec. No. 3104, Apr. 25, 1989). Upon our independent review of the record we conclude that the Board did not err in its determination.
 
 V.
 
 19
 Moreover, we have concluded that petitioner may find no relief under the teachings of Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992). In that case, a Nicaraguan national and her two daughters appealed to the Board of Immigration Appeals an adverse decision of an immigration judge who had denied the aliens' request for asylum or withholding of deportation. The aliens contended that they would be persecuted because of their stated anti-Sandinista sentiments were they to return to their homeland. In denying their appeal, the Board took administrative notice that the Sandinista Party no longer governs Nicaragua. Id. at 1022-23. The Board did not give prior notification of its taking notice of the Nicaragua government change. We granted the petition for review and held that the failure to give such notification constituted a denial of due process. Id. at 1029.
 
 
 20
 In the case at bar, the immigration judge took administrative notice that the Sandinista Party no longer governs Nicaragua and that a coalition led by Violeta de Chamorro is now in power. A.R. at 29. Therefore, in his appeal to the Board, petitioner had the opportunity to present evidence rebutting the administratively noticed facts. In other words, he had advance notification as required by Castillo-Villagra. The Board noted in its opinion:
 
 
 21
 On appeal, the respondent claims that despite the defeat of the Sandinista party in the national elections and the free election of Violeta Chamorro to the presidency, he still has a well-founded fear of persecution in Nicaragua on account of his past activities ...
 
 
 22
 Here, given the changes in the Nicaraguan government occasioned by the democratic elections, we do not find the respondent's fear to be well-founded within the meaning of the Act. The respondent acknowledges these changes, but alleges that the Sandinista party is still in control and would be inclined to persecute him. These are allegations which depend on assumptions about general conditions in Nicaragua, yet even on appeal the respondent has offered no corroborative background evidence to substantiate the allegations ... Accordingly, we find that the respondent has failed to meet his burden of demonstrating a well-founded fear of persecution in Nicaragua.
 
 
 23
 Id. at 4.
 
 
 24
 Our review of the record indicates that the petitioner's presentation to the Board on this issue consisted of the following declaration in his brief:
 
 CHANGED CONDITIONS
 
 25
 The only Nicaraguan changes are cosmetic for the benefit of the United States so it may look the other way around, and pretend that nothing is so wrong. Events sine [sic] the election leads the other way, and the new government policies show nothing has changed. The Sandinistas have codified their arbitrary rights into Law, and have not led [sic] the UNO coalition really exercise the power they won on the election.
 
 
 26
 Id. at 11.
 
 
 27
 We cannot conclude that the petitioner successfully rebutted the administratively noticed facts found by the Immigration Judge. He had the advance notification and the opportunity to rebut properly. He failed to do so.
 
 V.
 
 28
 Lastly, Arana-Jarquin claims that the IJ erred in denying his request for voluntary departure. Because he failed to properly inform the BIA of the basis of his appeal, summary dismissal was appropriate.
 
 
 29
 Under 8 C.F.R. § 3.1(d)(1-a)(i), the Board may summarily dismiss any appeal in which the party concerned fails to state with sufficient specificity the reasons for the appeal. Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992) (citing Matter of Valencia, BIA Interim Dec. No. 3006, 1986 WL 67713 (Feb. 14, 1986)). In his Notice of Appeal to the BIA, petitioner appealed the IJ's denial of "V.R." This was the only allusion to the IJ's denial of voluntary departure in the record before the BIA. Nowhere in the Notice of Appeal to the BIA or in his supporting brief does petitioner refer to this aspect of the IJ's decision or identify the IJ's error in refusing his request. A.R. at 5. On appeal to this court, petitioner presents no extraordinary circumstances to excuse this failure. Toquero, 956 F.2d at 195 n. 3 (citing Escobar-Ramos v. INS, 927 F.2d 482, 485-86 (9th Cir.1991)). On this record, we find that the petitioner did not raise his objection to the IJ's denial of voluntary departure with adequate specificity.
 
 
 30
 Thus, the BIA did not err by declining to address the IJ's denial of voluntary departure. See Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) ("We have held that summary dismissal by the BIA is appropriate if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' ") (quoting Reves-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)).
 
 VI.
 
 31
 Accordingly, the petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3