Marcelino TOQUERO, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 90–70439.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 1991.

Decided Jan. 31, 1992.

Ronald T. Oldenburg, Honolulu, Hawaii, for petitioner.

Robert Kendall, Jr., Asst. Director, Office of Immigration Litigation, Washington, D.C., for respondent.

Before: HUG, HALL and O'SCANNLAIN, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Petitioner Marcelino Toquero requests review of the Board of Immigration Appeals' (BIA) summary dismissal of his appeal from a deportation order because Peti-

tioner's Notice of Appeal did not meaningfully state the reasons for appeal. Petitioner alleges that the Notice was sufficiently specific, and that, in any event, the dismissal procedures used in this case did not comport with due process. We have jurisdiction over this timely appeal pursuant to 8 U.S.C. §§ 1105a(a)[1] and 1105a(c). We affirm.

I

Petitioner, a native of the Philippines, was issued a second-preference immigrant visa as the unmarried son of a United States citizen in October, 1981. Because he was married at the time of entry, Petitioner did not qualify for the visa. In 1988, the Immigration and Naturalization Service ("INS") instituted deportation proceedings against him. At the deportation hearing before the Immigration Judge ("IJ"), Petitioner conceded deportability, arguing instead that the IJ should suspend deportation pursuant to § 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1). Suspension is appropriate under § 244(a)(1) if the alien is of good moral character, has been in the United States for the last seven years, and would suffer extreme hardship as a result of deportation. 8 U.S.C. § 1254(a)(1). The IJ denied suspension because Petitioner did not demonstrate extreme hardship.

Through counsel, Petitioner filed a timely Notice of Appeal (Form I–290A) with the BIA, requesting oral argument and indicating an intention to file an optional brief in support of his appeal within thirty days of receiving the trial transcript. In response to the form's directive to "briefly" state the reasons for appeal, Petitioner wrote: "The Immigration Judge erred in denying Respondent's application for suspension as

the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines."

The trial transcript was sent on May 31, 1990. Petitioner's counsel failed to file a brief, and on July 17, 1990, the government submitted a brief requesting summary dismissal because the Notice of Appeal was inadequate. Despite awareness of the pending motion, counsel again failed to file a brief explaining why the Notice was adequate or delineating the reasons for appeal. The BIA summarily dismissed Petitioner's appeal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i).[2] In its Order, the BIA stated: "No brief in support of [Toquero's] appeal has been filed. Moreover, counsel for [Toquero] has failed to state specific reasons for the appeal in the Notice of Appeal (Form I–290A) and therefore has failed to identify in a meaningful manner the basis of the ... appeal."

Counsel for Petitioner filed a timely petition for review with this court. He advances two arguments: (1) that Petitioner's Notice of Appeal was sufficiently specific, and (2) that even if the Notice was inadequate, the procedures used in this case violated procedural due process. We address each contention in turn.

II

Although our Circuit has "not clearly articulated the standard for reviewing BIA summary dismissal of appeals ..., we have analyzed whether such summary dismissals are 'appropriate.'" *Martinez–Zelaya v. I.N.S.*, 841 F.2d 294, 295 (9th Cir.1988) (citations omitted). We do not need to decide the appropriate standard of review, however, because even under a de novo review,

1. We note that even though a literal reading of 8 U.S.C. § 1105a(a)(4) limits review to a consideration of the Administrative Record, § 1105a(a)(4) has been interpreted to permit jurisdiction when Petitioner does not challenge the factual finding by the agency, but rather challenges the constitutionality of the procedures. *See Biggin v. I.N.S.*, 479 F.2d 569, 572 (3d Cir.1973) ("scope of our review is limited ... to the question of whether the manner in which the deportation proceedings ... were conducted comported with the requirements of

due process"); *Pilapil v. I.N.S.*, 424 F.2d 6, 9 (10th Cir.) (jurisdiction proper because petitioner raised constitutional issue), *cert. denied*, 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970).

2. The regulation provides that "The BIA may summarily dismiss any appeal in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I–290A (Notice of Appeal)...."

the BIA's decision would withstand scrutiny.

### A

The BIA has interpreted § 3.1(d)(1–a)(i) to contain rather strict specificity requirements:

It is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied.... Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and *where the dispute is on the facts, there should be a discussion of the particular details contested.*

*Matter of Valencia,* Interim Decision No. 3006, 2–3 (BIA 1986) (emphasis added) (citation omitted).

In this case, the IJ found that although Petitioner satisfied two of the three elements required to obtain a suspension of deportation under § 244(a)(1), the evidence did not establish the third element, extreme hardship. Petitioner argues that because his Notice of Appeal alleged that the IJ erred with regard to this third element, the Notice could not have been more specific.

Petitioner's argument is unpersuasive in light of the case law in this and other circuits. The only Ninth Circuit case directly addressing the specificity requirement under § 3.1(d)(1–a)(i) is *Reyes–Mendoza v. I.N.S.,* 774 F.2d 1364 (9th Cir.1985).[3] In that case, we approved the BIA's strict interpretation, stating that the Notice of Appeal must "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." *Reyes–Mendoza,* 774 F.2d at 1365 (citing *Matter of Holquin,* 13 I. & N. Dec. 423, 425–26 (BIA 1969)). We affirmed the BIA's summary dismissal because the Notice of Appeal merely stated: "Wrongful denial of suspension of deportation." *Reyes–Mendoza,* 774 F.2d at 1364.

While the Notice of Appeal in this case is more specific than the one in *Reyes–Mendoza,* it still does not satisfy the regulation's requirements. Glaringly absent is "a discussion of the particular details contested." *Matter of Valencia,* at 3. Rather than describing *how* the evidence established extreme hardship and *why* the IJ erred, Petitioner makes a generalized and conclusory statement about the proceedings before the IJ. *See Bonne-Annee v. I.N.S.,* 810 F.2d 1077, 1078 (11th Cir.1987) (Notice inadequate when it stated that the IJ "was incorrect in finding me deportable," "was incorrect in denying my political asylum application," and "was wrong in denying my motion for a continuance and my motion for Interrogatory [sic]"). Such a statement does not provide meaningful guidance to the BIA. Because it is unclear which pieces of evidence are in contention, "the Board was left guessing at how and why petitioner thought the court had erred." *Lozada v. I.N.S.,* 857 F.2d 10, 13 (1st Cir.1988) (Notice inadequate when it stated that IJ's decision was "against the weight of the evidence," "against the law controlling the case," and "arbitrary and capricious").

The Fifth Circuit reached the same conclusion in a case with strikingly similar facts. In *Townsend v. I.N.S.,* 799 F.2d 179 (5th Cir.1986), the court affirmed the BIA's summary dismissal because the Notice merely stated that the "male respondent has sufficiently established his 'well founded fear of persecution' according to present case law." *Id.* at 181–82. In the court's view, "this was inadequate under the Board's established construction of its regulation." *Id.* at 182. The court also found

---

**3.** While *Escobar–Ramos v. I.N.S.,* 927 F.2d 482 (9th Cir.1991), discusses the specificity requirement, it does not address whether the Notice of Appeal satisfied the requirement. Instead, the court reversed the BIA's summary dismissal because the petitioners had presented extraordinary circumstances to excuse their failure to timely file a brief or request an extension of time. *Id.* at 485–86.

it important that the petitioner did not take advantage of the opportunity to file a supporting brief. *Id.*

We conclude that Petitioner's Notice of Appeal did not satisfy the regulation's rigorous requirements. While the Notice correctly focused on the issue in contention, it did not indicate which facts were in contention and how the IJ misinterpreted the evidence. Like *Townsend,* we also find it significant that Petitioner failed to file a supporting brief after indicating an intention to do so.

**B**

■ We now turn to Petitioner's due process claim. Although Petitioner's characterization of the issue is not a model of clarity, we interpret his argument to challenge the general procedures used by the BIA to summarily dismiss an appeal under § 3.1(d)(1–a)(i).[4]

Starting with bedrock, it is clear that deportation proceedings must afford procedural due process. *Japanese Immigrant Case,* 189 U.S. 86, 100, 23 S.Ct. 611, 614, 47 L.Ed. 721 (1903); *Lozada,* 857 F.2d at 13 ("petitioners are entitled to due process" even though deportation proceedings are civil and not criminal); *Magallanes–Damian v. I.N.S.,* 783 F.2d 931, 933 (9th Cir. 1986) (same). While due process requires the opportunity to be heard, it is "not necessarily an opportunity upon a regular, set occasion, and according to the forms of judicial procedure, but one that will secure the prompt, vigorous action contemplated

by Congress, and at the same time be appropriate to the nature of the case upon which such officers are required to act." *Japanese Immigrant Case,* 189 U.S. at 101, 23 S.Ct. at 614. Thus, to survive judicial scrutiny, the BIA's procedures in summarily dismissing appeals must not be so arbitrary as to undermine the principles of due process. *See id.* ("No such arbitrary power can exist where the principles involved in due process of law are recognized.").

Contrary to Petitioner's contention, this case does not turn solely on the propriety of BIA procedures. Rather, it involves an inquiry into the actions taken by Petitioner's counsel. In the Notice, counsel for Petitioner indicated an intention to file a supporting brief, yet failed to follow through with this intention. Counsel again failed to file a brief even after he received the government's brief arguing for dismissal on the basis that the Notice was not sufficiently specific.[5] Under these circumstances, we hold that counsel had a responsibility to at least file a brief stating why the Notice was adequate, or explaining the reasons for appeal. When counsel for Petitioner did not submit a brief as promised, and then did not respond to the government's brief, the BIA could reasonably assume that Petitioner had either abandoned his appeal or could not explain the deficiency. Petitioner and his counsel were on notice that the BIA would exercise its power to summarily dismiss the appeal. Thus, counsel's failure to act justified the BIA's actions, and weakens any contention that

---

**4.** Petitioner's formulation of the issue changed frequently throughout his brief. While Petitioner framed the issue broadly at several points in the brief, his argument focused on two specific ideas: (1) that due process requires the BIA to read the record in full before dismissing on this procedural ground, and (2) that it also requires the BIA to hear oral argument if the Notice is vague. These particular arguments are meritless. First, whatever the "opportunity to be heard" demands, it does not require the reviewing body to sift through the record in order to search for errors and build the appellant's argument before dismissing the appeal. Petitioner's rule would place a tremendous burden on reviewing bodies and would undermine their ability to invoke procedural rules to conserve re-

sources, put an end to litigation, and insure that review is limited to non-frivolous appeals. Second, it is well settled that oral argument is not necessary to satisfy due process. *United States v. Marines,* 535 F.2d 552, 556 (10th Cir.1976) (citing *F.C.C. v. WJR, The Goodwill Station,* 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949)).

**5.** At oral argument, counsel for Petitioner indicated that he did not file a brief because Petitioner had not paid him. We note that counsel did not notify the BIA that Petitioner was no longer represented and would be proceeding *pro se.* While counsel's reticence to render free legal services is understandable, his failure to take steps to insure that, at a minimum, his client was not prejudiced by his actions is not.

the procedures used in this case violated due process.

We affirm the BIA's dismissal, even though we believe the instructions on the Notice of Appeal are less than clear. For example, on the reverse side of Form I–290A, the instructions warn that the BIA "may deny oral argument and summarily dismiss any appeal in any deportation proceeding in which (i) the party concerned fails to specify the reason for his/her appeal...." The instructions do not set out, however, the specificity standard used by the BIA in deciding to summarily dismiss an appeal on this ground. In fact the form suggests that the alien need not go into much detail by providing only a three-inch space on which to state his claim of error. Moreover, the instructions indicate that the party is not required to file a brief, yet the BIA has developed the practice of considering the written brief in conjunction with the Notice of Appeal in determining whether summary dismissal is appropriate. *Escobar–Ramos*, 927 F.2d at 484.

Were this a case that turned solely on the clarity of the instructions, we might be constrained to reach a different conclusion. More definite instructions may be necessary before an appeal is dismissed with prejudice on procedural grounds.

### III

We hold that Petitioner's Notice failed to meaningfully state the reasons for appeal. We also hold that counsel's failure to follow through with his promise to file a brief, and his failure to respond to the government's brief, justified the BIA's dismissal. The decision of the BIA is therefore

AFFIRMED.