976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Josefina MAIRENA-SAUZO, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70275.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1990.
Submission Vacated Oct. 9, 1990.
Resubmitted Sept. 15, 1992.
Decided Sept. 17, 1992.
 
 Before REINHARDT, LEAVY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Josefina Mairena-Sauzo, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily dismissing her appeal from an order of the Immigration Judge ("IJ") finding her deportable and denying her application for relief from deportation. The BIA, finding that Mairena-Sauzo filed her appeal solely for the purpose of delay and that she failed to identify meaningfully the issues on appeal, dismissed Mairena-Sauzo's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) & (iv). The BIA also terminated Mairena-Sauzo's voluntary departure status. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a).
 
 
 3
 The petition is denied in part and granted in part. We affirm the BIA's dismissal of Mairena-Sauzo's appeal but reverse the BIA's termination of her voluntary departure status.
 
 
 4
 * Dismissal
 
 
 5
 Mairena-Sauzo contends her notice of appeal to the BIA adequately informed the BIA of the reasons for her appeal. This contention lacks merit.
 
 
 6
 The BIA may summarily dismiss an appeal if the alien fails to state specific reasons for the appeal on the notice of appeal. 8 C.F.R. § 3.1(d)(1-a)(i). We have held that summary dismissal under section 3.1(d)(1-a)(i) is appropriate if the alien fails adequately to "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985); see also Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992) (citing Matter of Valencia, Int.Dec. No. 3006 (BIA 1986)); Escobar-Ramos v. INS, 927 F.2d 482, 484 (9th Cir.1991).
 
 
 7
 In Toquero, the alien stated in his notice of appeal that "[t]he Immigration Judge erred in denying Respondent's application for suspension as the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines." 956 F.2d at 194. We upheld the BIA's summary dismissal of the appeal because the alien's statement "did not indicate which facts were in contention and how the IJ misinterpreted the evidence." Id. at 196.
 
 
 8
 In this case, Mairena-Sauzo stated in her notice of appeal that "[t]he denial of ... [her] application for political asylum and withholding of deportation were contrary to the facts and law."[1] This statement does not specify how the IJ's denial of Mairena-Sauzo's application for asylum and withholding of deportation was contrary to the facts and law. Because it indicates neither the facts in contention nor the evidence the IJ allegedly misinterpreted, Mairena-Sauzo's notice of appeal was insufficient. Toquero, 956 F.2d at 196. Accordingly, we hold that the BIA's summary dismissal of Mairena-Sauzo's appeal under section 3.1(d)(1-a)(i) was appropriate.[2]
 
 II
 Termination of Voluntary Departure
 
 9
 The BIA also precluded Mairena-Sauzo from a further grant of voluntary departure because her counsel engaged in dilatory tactics. This was in error. Even if summary dismissal of Mairena-Sauzo's appeal was appropriate, the BIA may not terminate her voluntary departure status as a sanction. See Contreras-Aragon v. INS, 852 F.2d 1088, 1095 n. 3 (9th Cir.1988).
 
 
 10
 The petition for review is AFFIRMED IN PART and GRANTED IN PART. We REMAND for reinstatement of voluntary departure.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mairena-Sauzo also raised challenges to the IJ's admission into evidence, over her objection, of a State Department opinion and the IJ's denial of Mairena-Sauzo's discovery motion. A review of the record, however, discloses that Mairena-Sauzo did not raise any such objection nor make any such motion during her deportation proceedings
 
 
 [2]
 We therefore do not consider whether section 3.1(d)(1-a)(iv) was an appropriate basis for dismissal