988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Farahmand ALIABBASIBAYAN, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70477.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Azg-qsu-lqm.
 BIA
 PETITION DENIED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Farahmand Aliabbasibayan, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from an immigration judge's ("IJ") order. The IJ denied Aliabbasibayan's motion to reconsider the IJ's denial of his motion to reopen. The BIA dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) and (iv), finding that Aliabbasibayan failed to specify adequately the reasons for his appeal and that the appeal lacked an arguable basis in law or fact. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 This circuit has not clearly articulated a standard for reviewing summary dismissals of appeals by the BIA. See Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992). Such dismissals, however, are analyzed to determine whether they are "appropriate." See id.
 
 
 4
 "The [BIA] may summarily dismiss any appeal in any case in which (i) the party concerned fails to specify the reasons for his appeal on Form I-290A (Notice of Appeal); ... or (iv) the [BIA] is satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay." 8 C.F.R. § 3.1(d)(1)(1-a)(i) & (iv).
 
 
 5
 This court has approved the BIA's strict interpretation of section 3.1(d)(1)(1-a)(i). See Toquero, 956 F.2d at 195. Summary dismissal has been held appropriate "if an alien submits no separate written brief or statement to the BIA and inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' " Martinez-Zelaya v. INS, 841 F.2d 294, 296 (9th Cir.1988) (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1364-65 (9th Cir.1985)).
 
 
 6
 Here, Aliabbasibayan failed to file a separate written brief with the BIA even though he indicated on his notice of appeal that he would do so.[1] Therefore, the question is whether Aliabbasibayan's notice of appeal was adequate by itself. See Martinez-Zelaya, 841 F.2d at 296.
 
 
 7
 In his notice of appeal, Aliabbasibayan stated:
 
 
 8
 The Immigration Judge abused his discretion, and applied improper criteria in denying the Motion to Reopen Deportation Proceedings in order to allow the respondent to apply for Section 245, Section 208, and Section 243 relief, where the respondent had previously filed an asylum application and where the respondent had filed an I-130 application that had been approved at the time that the Motion to Reopen was denied by the Immigration Judge.
 
 
 9
 This statement is more specific than the one we found inadequate in Reyes-Mendoza, where petitioner wrote "Wrongful denial of suspension of deportation." See 774 F.2d at 1364. Here, Aliabbasibayan contended the IJ erred because he had previously filed an application for asylum and because his I-130 application had been approved at the time the IJ denied his motion to reopen.
 
 
 10
 Nevertheless, Aliabbasibayan did not say why the fact that he had previously filed an asylum application or why the fact that his I-130 application had been approved warranted reopening his deportation proceedings. Aliabbasibayan may have been able to explain the significance of these facts had he filed a brief with the BIA. As noted above, however, he did not. In addition, we note that Aliabbasibayan misstated the facts by asserting his I-130 application had been approved at the time the IJ denied his motion to reopen. Aliabbasibayan may have had an application pending at that time but it was not yet approved. In fact, Aliabbasibayan's I-130 application was not approved until after he filed his motion for reconsideration.
 
 
 11
 We have reviewed the record and find that summary dismissal of Aliabbasibayan's appeal under section 3.1(d)(1-a)(i) was appropriate. See Toquero, 956 F.2d at 194.
 
 PETITION FOR REVIEW DENIED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aliabbasibayan also requested an extension of time to file the brief. The record does not indicate whether the BIA granted this request or whether Aliabbasibayan ever received a copy of the transcript
 Nevertheless, Aliabbasibayan has not explained to this court why he failed to file a separate brief. In addition, Aliabbasibayan has not addressed the BIA's summary dismissal in his brief to this court. Instead, he has attacked the merits of the IJ's decision to deny his motion to reopen. This court's review "is confined to the BIA's decision and the bases upon which the BIA relied." Martinez-Zelaya, 841 F.2d at 296. Accordingly, we decline to review any portion of the IJ's decision.
 
 
 [2]
 Because we affirm on the ground Aliabbasibayan failed to specify adequately the reasons for his appeal, we do not consider whether dismissal under section 3.1(d)(1-a)(iv) was also appropriate