19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcos Arcenio RAMIREZ-RAMIREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70647.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramirez appeals the Board of Immigration Appeals' (BIA) summary dismissal of his appeal from an order of deportation. We affirm.
 
 
 3
 Ramirez is a citizen of El Salvador. In April 1992, he entered the United States without inspection, in violation of 8 U.S.C. Sec. 1251(a)(1)(B). At a deportation hearing in May 1992, he conceded the charge of deportability, but applied for political asylum. The Immigration Judge (IJ) scheduled a hearing for September 1992, to decide the merits of his application. Ramirez failed to appear at that hearing.[1]
 
 
 4
 The IJ rescheduled the hearing only because he did not have the State Department's reply to Ramirez' request for political asylum, as required by 8 C.F.R. Sec. 242.17(c)(3). The IJ sent a letter to Ramirez' attorney, advising him that the new hearing was scheduled for December 11, 1992. Ramirez again failed to appear. The IJ found him deportable and denied his application for asylum.
 
 
 5
 Ramirez filed a notice of appeal. His stated reason was "[t]he Immigration Judge abused his discretion in denying the request for relief."[2] He also indicated on the notice that he would file a separate written brief or statement. He failed to do so. The BIA summarily dismissed his appeal because Ramirez failed to adequately state the reasons for his appeal and also failed to file a brief after indicating that he would.
 
 
 6
 The BIA may summarily dismiss an appeal if the appellant 1) fails to specify on the notice of appeal the reasons for the appeal; or 2) indicates on the notice that he will file a brief or statement in support of the appeal and does not file such brief or statement. 8 CFR Sec. 3.1(d)(1-a)(A) and (E).
 
 
 7
 A notice of appeal is insufficient if it "merely assert[s] that the immigration judge improperly found that deportability had been established or denied.... [W]here the dispute is on the facts, there should be a discussion of the particular details contested." Toquero v. I.N.S., 956 F.2d 193, 195 (9th Cir.1992) (citations and quotation marks omitted) (emphasis in original). The notice of appeal must "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Reyes-Mendoza v. I.N.S., 774 F.2d 1364, 1365 (9th Cir.1985) (citations omitted).
 
 
 8
 In Toquero, the petitioner wrote: "The Immigration Judge erred in denying Respondent's application for suspension as the evidence presented established that Respondent would suffer extreme hardship if deported to the Philippines." Toquero, 956 F.2d at 194. We held this statement did not satisfy the regulation's requirements. Id. In Reyes-Mendoza, we affirmed the BIA's summary dismissal because the Notice of Appeal merely stated: "Wrongful denial of suspension of deportation." Reyes-Mendoza, 774 F.2d at 1364.
 
 
 9
 Ramirez' notice of appeal is similar to that in Reyes-Mendoza, and even less specific than the one in Toquero. Like both those cases, Ramirez also indicated he would submit a written brief or statement to support the appeal, but failed to do so. The notice of appeal did not comply with the regulations. Summary dismissal was proper.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 His attorney was present
 
 
 [2]
 Ramirez claims that the IJ abused his discretion because Ramirez could show good cause for failing to appear. See 8 U.S.C. Sec. 1252b(c)(3). He says he never received the letter from his attorney advising him of the December hearing and suspects it was stolen from his mailbox. But he raises this issue for the first time on this appeal. See 8 U.S.C. Sec. 1105a(a)(4)