67 F.3d 308
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thelma Del SOCORRO-TURCIOS; Selene Castillo-Turcios, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-71042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1995.*
Decided Sept. 18, 1995.
 
 Before: CHOY, BEEZER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Selene Castillo-Turcios petitions for review of the Board of Immigration Appeals' summary dismissal of her appeal. She argues that she presented sufficient evidence to warrant suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We affirm the Board's decision and deny the petition.
 
 
 3
 * Castillo-Turcios, a citizen of Nicaragua, entered the United States without inspection in 1985. The Immigration and Naturalization Service initiated deportation proceedings against her and her mother, Thelma Del Socorro-Turcios.[1] Castillo-Turcios conceded deportability, but argued that the Immigration Judge should suspend deportation. 8 U.S.C. Sec. 1254(a)(1). The Immigration Judge denied suspension on the ground that Castillo-Turcios failed to demonstrate extreme hardship.
 
 
 4
 Castillo-Turcios filed a notice of appeal with the Board of Immigration Appeals ("Board"), arguing that "[t]he immigration judge's decision that the respondent failed to establish 'extreme hardship' is contrary to the evidence on the record." Castillo-Turcios, through her counsel, checked a box that indicated that she would "fil[e] a separate written brief or statement." No brief or statement was filed. The Government moved for summary dismissal; Castillo-Turcios did not respond. Because Castillo-Turcios failed to file the promised brief and because she failed to state with sufficient specificity the reasons for her appeal, the Board summarily dismissed the appeal.
 
 II
 
 5
 We have yet to clearly articulate what standard of review we apply to the Board's summary dismissals. Recently, we reviewed for an abuse of discretion the Board's summary dismissal of a petitioner's appeal based on lack of specificity. Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). We have also indicated that we analyze whether the Board's summary dismissal was "appropriate." Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992). Here, we need not resolve this tension, because our decision would be the same under either standard of review.
 
 III
 
 6
 The Board may summarily dismiss an appeal if "[t]he party concerned indicates [on the notice of appeal form] that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E) (1995); see Toquero, 956 F.2d at 197 ("counsel's failure to follow through with his promise to file a brief, and his failure to respond to the government's brief, justified the [Board's] dismissal."). Castillo-Turcios, through her counsel, indicated that she would file a supporting brief or statement. She failed to do so, offering no explanation for this failure. When the Government moved for summary dismissal, giving Castillo-Turcios notice of the Board's pending action, she also failed to respond. In these circumstances, the Board did not err in summarily dismissing the appeal.[2]
 
 
 7
 Because the Board's decision is supported by petitioner's failure to follow through on a promised brief or statement, we need not address whether the Board's decision is also supported by the alternate ground that Castillo-Turcios failed to specify the reasons for her appeal. See 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A) (1995). We also need not address the merits of Castillo-Turcios' case for extreme hardship warranting suspension of deportation.
 
 
 8
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Socorro-Turcios concedes on appeal that summary dismissal was appropriate in her case. We accept that concession
 
 
 [2]
 Our recent decision in Padilla-Agustin, 21 F.3d at 976-77, provides no aid to Castillo-Turcios. In that case, we held that the notice of appeal form used by the Immigration and Naturalization Service "can result in a violation of the due process rights of the alien." Id. at 977. The case before us is distinguishable. Unlike the petitioner in Padilla-Agustin, the petitioner here indicated that she would file a brief in support of her appeal. This case does not, as Padilla-Agustin did, turn on the clarity of the instructions in the notice of appeal. Id.; see Toquero, 956 F.2d at 196 (counsel's failure to file a brief after indicating an intention to file a supporting brief and receiving notice that the Government was moving for summary dismissal weakens any contention that the procedures used violated due process). Finally, the petitioner in Padilla-Agustin represented himself and had language difficulties. Neither of these factors is present here. There was no violation of Castillo-Turcios' due process rights