67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvaro Arturo GONZALEZ-CHAVARRIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70692.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1995.*
Decided Oct. 3, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alvaro Arturo Gonzalez-Chavarria ("Gonzalez-Chavarria"), a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from an Immigration Judge's decision denying his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a); see Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994). We grant the petition for review.
 
 
 3
 The BIA summarily dismissed Gonzalez-Chavarria's appeal because his notice of appeal (Form EOIR-26) failed to list the reasons for appeal with sufficient specificity and because he failed to file a promised supplemental brief on other alleged reasons for appeal.[1] AR at 4-5; See 8 C.F.R. Sec. 3.1(d)(1-a)(i).
 
 
 4
 Gonzalez-Chavarria argues first that his notice of appeal was sufficient under BIA regulations and procedure. We find no error in the BIA's conclusion that the notice of appeal was insufficient. See Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992).
 
 
 5
 Gonzalez-Chavarria also argues, citing Padilla-Agustin, that even if his notice of appeal was insufficient, summary dismissal without advance notice was improper. The INS argues that the present appeal should be distinguished from Padilla-Agustin because Gonzalez-Chavarria was represented by counsel at the time of filing his notice of appeal.
 
 
 6
 In Castillo-Manzanarez v. INS, No. 94-70606, slip op. 11455, 11463 (9th Cir. Sept. 12, 1995), we held that representation by counsel does not overcome the due process deficiencies which arise due to the BIA's strict appeal procedure and its failure to provide advance warning of summary dismissal. We conclude that summary dismissal without advance notice deprived Gonzalez-Chavarria of due process.
 
 
 7
 We GRANT the petition for review.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Gonzalez-Chavarria through his attorney presented the following description of his reasons for appeal:
 (a) Denial of Asylum and Withholding not supported by substantial evidence.
 (b) It is an abuse of discretion to deny asylum where no adverse factors on record.
 (c) Applicant met burden of proof, showed well founded fear of persecution.
 (d) Immigration Judge failed to draw proper inferences from the evidence.
 (e) Immigration Judge's factual findings not supported by substantial evidence.
 (f) Other errors of law and fact were made which will be fully cited and briefed upon receipt of the transcripts of the hearing.