70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Miguel Angel Salaverry ALCAZAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70256.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Miguel Angel Salaverry Alcazar, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' summary dismissal of his appeal from an immigration judge's decision finding him deportable as charged. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 BACKGROUND
 
 3
 On December 20, 1994, Salaverry filed a pro se Notice of Appeal (Form EOIR-26) with the BIA, stating that his family would suffer hardship if he were deported and that his parents needed him to transport them to medical appointments. He indicated that he would not be filing a separate brief with the BIA and did not desire oral argument.
 
 
 4
 On February 10, 1995, the Immigration and Naturalization Service filed a motion for summary dismissal of Salaverry's appeal. The INS argued that Salaverry's appeal should be summarily dismissed because his "statement on his Notice of Appeal (Form EOIR-26) in no meaningful way identif[ies] any error in the Immigration Judge's decision." Salaverry did not file a response to the motion.
 
 
 5
 The BIA summarily dismissed Salaverry's appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(A), which provides that the BIA may summarily dismiss an appeal where "[t]he party concerned fails to specify the reasons for the appeal on Form EOIR-26...." The BIA held that Salaverry's Notice of Appeal "faile[d] to identify any particular error on the part of the immigration judge and, in no meaningful way, specifie[d] an articulable basis for the appeal."
 
 DISCUSSION
 
 6
 Salaverry argues, citing Padilla-Agustin v. INS, 21 F.3d 970 (9th Cir.1994), that the BIA violated his due process rights by failing to give him adequate notice that his appeal would be summarily dismissed. We disagree.
 
 
 7
 This case is controlled by Toquero v. INS, 956 F.2d 193 (9th Cir.1992), in which we held that the BIA did not violate the petitioner's due process rights by summarily dismissing the petitioner's appeal where counsel for petitioner failed to respond to the INS's brief arguing for dismissal based on the Notice of Appeal's lack of specificity. "In Toquero, the INS's motion to summarily dismiss the appeal based on lack of specificity provided notice to the petitioner of the BIA's strict specificity standard." See Castillo-Manzanarez v. INS, No. 94-70606, slip op. 11455, 11461 (9th Cir. Sep. 12, 1995).
 
 
 8
 Similarly, the INS's motion for summary dismissal provided Salaverry with notice of the potential for summary dismissal of his appeal. Salaverry was personally served with a copy of the INS's motion for summary dismissal. Although the INS moved for summary dismissal based on subsection (D) of 8 C.F.R. Sec. 3.1(d)(1-a)(i) and the BIA granted the motion under subsection (A), the motion provided Salaverry with notice that his Notice of Appeal failed to allege, in a meaningful way, any error in the immigration judge's decision. Accordingly, the BIA did not violate Salaverry's due process rights by summarily dismissing his appeal.[1] See Toquero, 956 F.2d at 197.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA's erroneous reference to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(E) does not warrant granting the petition for review because the BIA clearly relied on Salaverry's failure to identify any articulable basis for his appeal, not his failure to file a written brief, in summarily dismissing his appeal. We decline to consider the remaining issues raised in Salaverry's opening brief because "our review is limited to the decision of the BIA." See Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991)