77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Enrico Polotan TUVERA; Maria Lourdes Briones; Enrico
Tuvera, Jr.; Maria Christina Tuvera, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70326.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrico Polotan Tuvera, his wife Maria Lourdes Briones, and their two children Enrico Tuvera, Jr. and Maria Christina Tuvera, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal of their appeal from an Immigration Judge's ("IJ") order denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny these petitions.
 
 
 3
 We review the BIA's summary dismissal of an appeal for lack of specificity under 8 C.F.R. § 3.1(d)(1-a)(i)(A) to determine whether the dismissal was appropriate. See Castillo-Manzanarez v. INS, 65 F.3d 793, 794 (9th Cir.1995); Toquero v. INS, 956 F.2d 193, 194 (9th Cir.1992). We will uphold the BIA's summary dismissal when the applicant has failed to " 'inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why.' " Toquero, 956 F.2d at 195 (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)).
 
 
 4
 Tuvera contends that the BIA erred by summarily dismissing his appeal because his notice of appeal was sufficiently specific. This contention lacks merit.
 
 
 5
 Here, Tuvera stated in his notice of appeal that the IJ "erred [by] failing to grant political asylum and withholding of deportation" and that the IJ abused his discretion by failing to "consider all relevant and objective evidence" and by not giving "proper weight to credible evidence of acts of persecution ... to properly arrive at a factual finding." These three generalized and conclusory contentions did not meaningfully apprise the BIA of the specific legal and factual bases of Tuvera's appeal. See id. In addition, Tuvera's citation to legal authorities for each of his three contentions did not change the generalized and conclusory nature of these contentions. Thus, Tuvera failed to meet the BIA's strict specificity requirement in his notice of appeal. Id.
 
 
 6
 Tuvera also contends that the BIA's summary dismissal violated his Fifth Amendment procedural due process rights because he did not receive actual notice that his appeal was subject to summary dismissal. This contention also lacks merit.
 
 
 7
 Here, the record indicates that summary dismissal was appropriate. First, Tuvera failed to file a supporting brief after indicating an intention to do so, and he failed to respond to the government's brief arguing for summary dismissal. Second, Tuvera's attorney explained to him before she filed her motion to withdraw that he had to file a supporting brief, either with or without the help of another attorney, to avoid a possible dismissal of his appeal. Third, the government was not required to personally serve Tuvera with its dismissal brief, because service upon his attorney was sufficient to put Tuvera on notice that the BIA could summarily dismiss his appeal. See 8 C.F.R. § 292.5; Arreaza-Cruz v. INS, 39 F.3d 909, 911 (9th Cir.1994).
 
 
 8
 Because Tuvera received notice that his appeal could be summarily dismissed, we conclude that the BIA's summary dismissal of Tuvera's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i)(A) was appropriate. See Toquero, 956 F.2d at 196-97.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3