103 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rony Haroldo CASTILLO-CHAVEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1996.*
Decided Dec. 06, 1996.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Aod-jdi-xaz.
 
 BIA
 
 2
 REVIEW DENIED.
 
 
 3
 Before: CANBY and FERNANDEZ, Circuit Judges and JONES**, District Judge.
 
 
 4
 MEMORANDUM***
 
 I.
 
 5
 Castillo-Chavez seeks review of a final order of deportation issued by the Board of Immigration Appeals ("BIA"). He contends that the BIA erred in upholding the Immigration Judge's ("IJ") decision denying his application for voluntary departure. We deny the petition for review.
 
 II.
 
 6
 Because the parties are familiar with the facts in this case, we do not repeat them here. We review the BIA's denial of Castillo-Chavez's request for voluntary departure for abuse of discretion. See Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir.1994).
 
 
 7
 To be eligible for voluntary departure under section 244(e) of the Immigration and Naturalization Act ("Act"), an alien must demonstrate that he or she is and has been a person of good moral character for the five-year period prior to the application. 8 U.S.C. § 1254(e)(1) (Supp.1996). The IJ found that Castillo-Chavez lacked good moral character because he had been convicted of burglary, had been arrested for possession of marijuana, and had made a false claim on his income taxes. The BIA upheld that finding. Castillo-Chavez argues, however, that the BIA abused its discretion by upholding the IJ's finding, because all of the misconduct cited by the IJ occurred before the five-year period established in 8 U.S.C. § 1254(e)(1) (Supp.1996).
 
 
 8
 We reject this contention. Although it is true that the misconduct cited by the IJ occurred more than five years ago, the BIA did not deny Castillo-Chavez's request for voluntary departure solely on the ground that he did not satisfy the statutory requirements of 8 U.S.C. § 1254(e)(1) (Supp.1996). The BIA also denied Castillo-Chavez's request on the ground that he had failed to show that he warranted voluntary departure as an exercise of discretion. As a result, it is immaterial whether the BIA should or should not have accepted the IJ's finding that Castillo-Chavez lacked good moral character: "[I]f the Attorney General decides that relief should be denied as a matter of discretion, he need not determine whether the threshold statutory eligibility requirements are met." Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986) (quoting INS v. Rios-Pineda, 471 U.S. 444 (1985). In making that decision, the Attorney General--acting here through the BIA--may rely on misconduct outside the five-year period established in 8 U.S.C. § 1254(e)(1) (Supp.1996). Id. at 330.
 
 
 9
 In light of our decision in Villanueva-Franco, we cannot say that the BIA abused its discretion by concluding that Castillo-Chavez failed to show that he deserved voluntary departure as an exercise of discretion. Substantial evidence supports the BIA's conclusion: Castillo-Chavez's testimony at his deportation hearing was inconsistent; his testimony revealed fraud, including using a false social security number and falsely declaring on his income tax form that he had a dependent; he has a criminal history; and he has illegally entered the country at least four times. Moreover, the BIA expressly weighed that evidence against Castillo-Chavez's lengthy residence in the United States, his stable work record, his sisters' presence in the United States, and his support of his family in Guatemala.
 
 III.
 
 10
 Castillo-Chavez also argues that the BIA erred in granting the Immigration and Naturalization Service's motion for summary dismissal of his appeal from the IJ's decision denying asylum, withholding of deportation, suspension of deportation. Castillo-Chavez also contends that he was denied effective assistance of counsel and due process by counsel's failure to address those issues in his appeal brief to the BIA. We do not address Castillo-Chavez's first argument, because he waived his right to appeal the IJ's decision denying asylum, withholding of deportation, and suspension of deportation by failing to address those issues in his brief to the BIA. See Toquero v. INS, 956 F.2d 193, 196 (9th Cir.1992). And we do not address Castillo-Chavez's second argument, because, by not making a motion to reopen with the BIA, he has failed to exhaust his administrative remedies. See Liu v. Waters, 55 F.3d 421, 424 (9th Cir.1995).
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3