**Seroja STEPANIAN; Lida Grigorian, Petitioners,**

v.

**John ASHCROFT, Atty General, Respondent.**

No. 01–71040.

INS No. A70–962–172/173.

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2002.*

Decided Aug. 6, 2002.

Before HUG, FARRIS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Seroja Stepanian and Lida Grigorian ("Petitioners"), natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA" or "Board") summary dismissal of their appeal. Petitioners argue that this dismissal,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

which resulted from Petitioners failure to provide an additional brief as they indicated they would do on the appeal form, violated due process. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here. We have jurisdiction under section 242 of the INA, 8 U.S.C. § 1252, and we deny the petition for review.

The immigration judge ("IJ") in this case denied Petitioners' applications for asylum and withholding of deportation. In appealing that decision, Petitioners indicated on item number 6 of the appeal form (EOIR–26) that they would be filing a separate brief or statement in support of their appeal. Directly below Item 6, there is a printed warning. The word "warning" is written in bold type and with a large exclamation mark. The warning states:

> **Warning:** Your appeal may be summarily dismissed if you indicate in Item # 6 that you will file a separate written brief or statement and, within the time set for filing, you fail to file the brief or statement and do not reasonable explain such failure.

Directly below this warning is the line for the signature of the appealing party. Petitioners' counsel signed the form and dated it.

By notice dated January 31, 2001, the Board then notified Petitioners that the deadline for submitting their brief was March 2, 2001. With regard to extension requests, the notice stated that "[u]nless you receive a Board Notice granting your extension request, you brief will remain due on the date stated above [i.e. March 2, 2001]." On March 1, 2001, the Board received from the Petitioners a request for a twenty-one day extension to file their brief. By letter dated March 12, 2001, the Board sent a letter to Petitioners' counsel advising him that Petitioners request for an extension had been granted.[1] However, Petitioners failed to file a brief at any time, offering no explanation to the BIA for this failure. The BIA then summarily dismissed Petitioners' appeal under 8 C.F.R. § 3.1(d)(1—a)(i)(E).[2]

In this petition for review, Petitioners' claim that they never received notice that the extension had been granted. However, even assuming this is true, failure to receive notice that an extension has been granted does not mean that a party need not file anything at all. Indeed, when Petitioners were first informed of the deadline for filing a brief, they were clearly instructed that "[u]nless you receive a Board Notice granting your extension request, you brief will remain due on [March 2, 2001]."

Our decision in *Toquero v. INS*, 956 F.2d 193 (9th Cir.1992) is instructive. In *Toquero*, this court ruled that "counsel's failure to follow through with his promise to file a brief, and his failure to respond to the government's brief, justified the BIA's dismissal." *Id.* at 197. Our decision relied on the fact that counsel had notice: "Petitioner and his counsel were on notice that the BIA would exercise its power to summarily dismiss the appeal. Thus, counsel's failure to act justified the BIA's actions,

---

1. The BIA set the new deadline for April 2, 2001, thus giving counsel more time than he had requested.

2. Relevant portions of 8 C.F.R. § 3.1(d)(1–a) are:

   Summary dismissal of appeals. (i) Standards. The Board may summarily dismiss an appeal or portion of any appeal in any case in which:

   (E) The party concerned indicates that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so within the time set for filing.

and weakens any contention that the procedures used in this case violated due process." *Id.* at 196–97. We concluded that under those circumstances "the BIA could reasonably assume that Petitioner had either abandoned his appeal or could not explain the deficiency." *Id.* at 196.

Thus, under *Toquero*, the Petitioners' due process rights were not violated as they were on clear notice of what the repercussions would be if they failed to timely file a brief with the BIA.

**DENIED**