Gilberto OROS–MARTINEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–70744.

Agency No. A92–949–920.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2003.*

Decided Aug. 12, 2003.

Before NOONAN, TALLMAN, and
RAWLINSON, Circuit Judges.

MEMORANDUM **

The Board of Immigration Appeals may summarily dismiss an appeal if "[t]he party . . . indicates on Form EOIR–26 . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so. . . ." 8 C.F.R. § 1003.1(d)(2)(i)(E).

Oros–Martinez indicated on the EOIR–26 form that he would file a separate written brief fully articulating the specific factual and legal basis for his appeal, but did not do so. Martinez now relies on *Vargas–Garcia v. INS*, 287 F.3d 882 (9th Cir. 2002), to support his claim that the form is ambiguous, and thereby excuses his failure to file a brief.

However, Vargas, unlike Martinez, did not indicate that he would file a separate written brief. *Id.* at 885 n. 3. Thus, his case turned solely on the clarity of the form's instructions. *Id.* at 884. In contrast, Martinez committed to filing a brief, and was provided a briefing schedule by the BIA. Thus, any failure of the EOIR–26 form to adequately describe what the BIA requires in order to evaluate an appeal was not at issue. *See Toquero v. INS,* 956 F.2d 193, 196 (9th Cir.1992).

Despite Martinez' failure to file a brief, the BIA nevertheless examined his notice of appeal to ascertain whether the form

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

adequately specified the factual and legal basis for the appeal.

Martinez' notice of appeal contained a single conclusory statement: "The Immigration Judge erred in denying Respondent's Application for Cancellation of Removal for Certain Non–Permanent Residents." His failure to adequately specify the factual and legal basis for his appeal in either the EOIR–26 form or promised brief forecloses his due process claim. *See Rojas–Garcia v. Ashcroft*, No. 02–35788, 2003 WL 21739501, *4–5 (9th Cir. July 29, 2003) (declining to address the petitioner's due process claim where the notice of appeal did not adequately state the grounds for appeal and the failure to file a brief was due to "error and oversight").

PETITION DENIED.