**Ma. Guadalupe Munoz MIRANDA, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 06–75772.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2007.\*\*

Filed Oct. 18, 2007.

Ma. Guadalupe Munoz Miranda, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District, Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District, Counsel Department of

Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kevin Conway, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

This is a petition for review of the Board of Immigration Appeals' ("BIA") decision denying petitioner's motion to reconsider.

We have reviewed the response to the court's June 12, 2007 order to show cause, and we conclude that the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Specifically, the BIA did not abuse its discretion when it denied petitioner's motion to reconsider as numerically barred. *See* 8 C.F.R. § 1003.2(b)(2); *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion). To the extent that petitioner's response articulates a theory of ineffective assistance of counsel, this court lacks jurisdiction to consider such an unexhausted claim. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,*

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

358 F.3d 674, 677 (9th Cir.2004) (holding that 8 U.S.C. § 1252(d)(1) deprives the court of subject matter jurisdiction over legal claims not presented in underlying administrative proceedings).

Accordingly, this petition for review is denied.

**PETITION FOR REVIEW DENIED.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the [petitioner's] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).