SOVEREIGN GENERAL INSURANCE SERVICES, INC., a California corporation, Plaintiff–Appellant,

v.

NATIONAL CASUALTY COMPANY, a Wisconsin corporation, Defendant–Appellee.

No. 08–16306.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2009.

Filed Oct. 27, 2009.

Raul V. Aguilar, Esquire, A. Russell Martin, Esquire, Aguilar Law Offices APLC, San Francisco, CA, Dominic Gerardo Flamiano, Law Office of Dominic G. Flamiano, Oakland, CA, for Plaintiff–Appellant.

Alan B. Yuter, Esquire, Rachel E. Hobbs, Esquire, Selman Breitman LLP, Los Angeles, CA, for Defendant–Appellee.

Before: HUG and PAEZ, Circuit Judges, and CARNEY,* District Judge.

## MEMORANDUM **

Appellant Sovereign General Insurance Services, Inc. ("Sovereign"), a licensed surplus line broker, appeals the district court's summary judgment in favor of Appellee National Casualty Company ("National"). Sovereign filed a diversity action against National alleging that National had breached its contractual obligation under an errors and omissions insurance policy and acted in bad faith by failing to appoint *Cumis* counsel to represent Sovereign in an arbitration proceeding in London, England, that was instituted against Sovereign by Certain Underwriters at Lloyd's of London ("Lloyd's"). National agreed to defend Sovereign in the Lloyd's arbitration under a reservation of rights to deny coverage based on an exclusion in the insurance policy barring coverage where Sovereign acted in the capacity of a Managing General Agent. National retained Charles Russell, LLP ("the Charles Russell firm") to represent Sovereign in the Lloyd's arbitration. The district court granted sum-

---

* The Honorable Cormac J. Carney, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mary judgment in favor of National, concluding that National had no obligation to appoint *Cumis* counsel for Sovereign in the Lloyd's arbitration and that National had not acted in bad faith.

We review a grant of summary judgment *de novo*. *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir.2005). We must determine, viewing the evidence in the light most favorable to Sovereign, whether there were any genuine issues of material fact that precluded the district court from granting summary judgment in favor of National. *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999). We conclude that there were no genuine issues of material fact and, accordingly, we affirm.

■ The obligation to provide *Cumis* counsel is triggered when the insurer reserves its rights on a coverage issue and the outcome of that coverage issue can be controlled by counsel first retained by the insurer for the defense of the underlying claim asserted against the insured. Cal. Civ.Code § 2860. It is undisputed that National reserved its right to deny coverage for the Lloyd's claim based on an exclusion in the insurance policy for claims by an insurer for which Sovereign had acted as a Managing General Agent. Thus, the pivotal issue is whether the Charles Russell firm could control the determination of whether Sovereign was acting as a Managing General Agent for Lloyd's. The district court concluded that the Charles Russell firm could not do so. We agree.

Pursuant to several binding authority agreements between Sovereign and Lloyd's, Sovereign had delegated claims handling to a licensed claim adjustor, Cunningham Lindsey. Lloyd's claimed that it had suffered loss as a result of Sovereign's improper instructions to Cunningham Lindsey and Cunningham Lindsey's consequent sub-standard claims handling. No-

tably, Lloyd's never alleged that Sovereign acted as its Managing General Agent. Nor would simply delegating claims handling to an independent adjustor and failing to properly instruct that independent adjustor amount to acting as a Managing General Agent. Because the Lloyd's claim and arbitration against Sovereign would not address the coverage issue, the Charles Russell firm did not have the ability to control the outcome of that coverage issue, and National was not required to appoint *Cumis* counsel.

■ The district court also correctly granted summary judgment in favor of National on Sovereign's claim for bad faith. In its complaint, Sovereign alleged that National acted in bad faith by refusing to settle within the policy limits and by failing to appoint *Cumis* counsel. As to Sovereign's first bad faith claim, it is undisputed that National subsequently settled within the policy limits. Therefore, Sovereign's bad faith claim for refusal to settle is moot. As to Sovereign's second bad faith claim, because National had no obligation to appoint *Cumis* counsel for the previously stated reasons, National's refusal to appoint *Cumis* counsel could not have been in bad faith. *See 1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 135 Cal.App.4th 1008, 1021, 37 Cal.Rptr.3d 795 (Cal.App.2006). The district court also properly rejected Sovereign's attempt at summary judgment to assert a third claim of bad faith based on National's alleged delay and coercion in settling the Lloyd's claim. Sovereign never pleaded this ground for bad faith in its complaint, and the district court reasonably determined that National would have been unfairly prejudiced if Sovereign were allowed to assert it at the summary judgment stage.

■ Finally, Sovereign was not deprived of its due process right to oral

argument. It is well-settled that there is no constitutional due process right to oral argument. *Toquero v. I.N.S.*, 956 F.2d 193, 196 n. 4 (9th Cir.1992). Local Rule 78–230(h) permits a district court to decide cases on the papers alone, and in the absence of objection or request for oral argument, oral argument is waived. *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200 & n. 2 (9th Cir.1999). Here, the district court did not abuse its discretion by refusing to hear oral argument because Sovereign did not request oral argument, it had notice and ample opportunity to be heard, and it was not prejudiced by the district court's decision to rule on the motion without a hearing. *See Mahon,* 171 F.3d at 1200.

**AFFIRMED.**