94 F.3d 651
 Pens. Plan Guide P 23,926
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Gordon FUJIWARA, Plaintiff-Appellant,
v.
GTE CORPORATE HR POLICY 104, Defendant-Appellee.
 No. 94-17212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1996.
Decided Aug. 15, 1996.
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1984, GTE put into effect a severance pay policy known as "HR Policy 104." Section 5.3.3 of HR Policy 104 provides that salary separation payments cease upon the recipient receiving a GTE pension.
 
 
 3
 An addendum to HR Policy 104 was issued on March 15, 1991. This addendum outlined a revised severance payment schedule and included an employee option for a lump sum payment. A second addendum was issued on April 24, 1991, revoking the lump sum payment option. The second addendum also provided:
 
 
 4
 Salary Separation payments shall not cease if the employee accepts a position with another company. However, these payments will cease if the employee is re-employed by GTE.
 
 
 5
 Plaintiff was laid off on April 30, 1991. In his notification letter he was advised that he was "eligible for severance benefits in accordance with GTE corporate HR Policy 104 and the Addendum." He was further advised:
 
 
 6
 On March 15, 1991, a revised salary separation plan was announced. Because of that change and the timing of your separation from the company, we are giving you the option to receive benefits in accordance with this revised plan, or the severance benefits you are currently receiving.
 
 
 7
 Plaintiff elected "the revised Salary Separation Plan under the new HR 104 policy" (as amended by both the March 15, 1991 and April 24, 1991 Addenda). Plaintiff chose not to receive his severance benefits in a lump sum payment.
 
 
 8
 In November of 1991, GTE announced an "Enhanced Early Retirement Plan" ("EERP"). Plaintiff was notified of his eligibility for this plan but was not told that if he chose to take early retirement he would no longer receive severance benefits. Upon plaintiff enrolling in the EERP, his severance benefits were discontinued.
 
 
 9
 Plaintiff contends that his benefits should not have been discontinued because by choosing the revised separation plan he was specifically rejecting the plan set forth in HR Policy 104, and it is clear that the second addendum entirely replaced, rather than simply modified, HR Policy 104. Plaintiff relies on the language of the second addendum that "the provisions of this policy will now apply and replace all previously established severance pay procedures or policies." Plaintiff contends that the April 24, 1991 Addendum should be read as providing that salary separation payments will only cease if the employee is re-employed by GTE.
 
 
 10
 The district court correctly granted summary judgment in GTE's favor. As the district court noted, the second addendum could not possibly constitute GTE's entire severance pay plan because it does not describe the scope of the severance payment benefits plan; does not indicate when its provisions apply; does not address individually determined severance pay arrangements, pensions or other necessary determinations; does not indicate how severance benefits are to be calculated; and does not indicate requirements for age and years of service. The district court correctly interpreted the April 24, 1991 Addendum as a supplement to, rather than a replacement of, HR Policy 104. Because the April 24, 1991 Addendum does not directly contradict section 5.3.3 of HR Policy 104 and, therefore, section 5.3.3 remains in effect, plaintiff's separation benefits were to cease upon his receipt of a GTE pension.
 
 
 11
 Finally, GTE's treatment of former employee Michael Mizokami is irrelevant to a determination of this issue because Mr. Mizokami's circumstances are sufficiently distinguishable.
 
 
 12
 The district court's grant of summary judgment in GTE's favor is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3