94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judith HARRIMAN, Plaintiff-Appellant,
v.
WILLAMETTE INDUSTRIES INCORPORATED, Defendant-Appellee.
 No. 94-35623.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided Aug. 15, 1996.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this Title VII sexually hostile work environment suit, plaintiff-appellant Judith Harriman appeals a judgment of the district court upon a jury verdict in favor of her former employer, defendant-appellee Willamette Industries.
 
 
 3
 Harriman was one of the first women employed on the floor of Willamette's pulp and paper mill in Albany, Oregon. The record reflects that Harriman's foreman Ben Sparks directed rude and offensive remarks at her, and that Sparks was eventually disciplined by the company for his inappropriate actions.
 
 
 4
 On appeal Harriman argues that the district court erred in instructing the jury on her sexually hostile work environment theory, and in excluding one particularly nasty incident in which one of Harriman's co-workers, Robert Coonrod, pushed Harriman's head toward his crotch and demanded that she give him "head." We agree that the district court erred in instructing the jury, and reverse and remand for retrial.
 
 
 5
 Harriman is correct that the jury was not properly instructed on when an employer is liable for harassment perpetrated by a supervisory employee. The Supreme Court has held that while an employer is not automatically liable for harassment by a supervisor, in cases where the supervisor has been delegated sufficient authority, agency principles should result in employer liability. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 72 (1986). Our court has recognized that where a harassing supervisory employee has the authority to hire, fire and discipline, employer liability is appropriate. See E.E.O.C. v. Hacienda Hotel, 881 F.2d 1504, 1516 (9th Cir.1989).
 
 
 6
 In this case the parties each offered instructions that reflected the principle of employer liability delineated in Hacienda Hotel and Vinson. The district court, however, rejected both instructions and instead instructed the jury that Harriman could prevail only if she showed that management level employees other than the wrongdoer knew or should have known of the harassment. This instruction creates what Harriman has dubbed a "dual wrongdoer" standard. Discussing the instructions with the parties, the court said that knowledge by management employees of their own misconduct could never be imputed to the company. This was error. See Vinson, 477 U.S. at 72.
 
 
 7
 Willamette argues that the erroneous instruction does not require reversal. Willamette's argument rests on the jury verdict form. The jury verdict form had two interrogatories. First, the verdict form asked the jury whether Harriman was subjected to a sexually hostile work environment. Second, the verdict form asked whether Willamette knew or should have known of the harassment but failed to take corrective action.
 
 
 8
 The jury answered the first interrogatory in the negative. Willamette argues that since there was no hostile work environment, the erroneous instruction makes no difference. The record reveals, however, that the erroneous instruction may have tainted the jury's determination of whether there was a sexually hostile environment. Indeed, counsel for Willamette conceded at argument that the erroneous instruction is "of necessity" included in the first interrogatory. The instructions do not track the verdict form, so we can not hold that the jury responded to the first question on the form without considering the erroneous instruction. The error was not harmless.
 
 
 9
 Harriman also argues that the district court erred by refusing to give an instruction stating that "to avoid liability under Title VII, employers should educate and sensitize their workforce...." Harriman argues that this instruction was required because under our decision in Ellison v. Brady, 924 F.2d 872 (9th Cir.1991), an employer has a duty to prevent sexual harassment by educating and sensitizing its work force. Ellison, however, does not create such a duty for all employers. Rather, it recommends as a matter of policy that it would be wise for an employer to nip sexual harassment in the bud by educating and sensitizing its work force before lawsuits occur.
 
 
 10
 Finally, Harriman protests the exclusion of the Coonrod incident, which the district court kept out as irrelevant. We review such evidentiary decisions for abuse of discretion. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992). On this record, we cannot conclude that the district court's exclusion of the incident was an abuse of discretion.
 
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3