94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian S. FAILE, Plaintiff-Appellant,
v.
Lupe GUNDERSON, Defendant-Appellee.
 No. 94-16284.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada prisoner Brian S. Faile appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 action for declaratory and injunctive relief. Faile alleges that Nevada Board of Parole Commissioners are denying his equal protection and due process rights by refusing to release him on parole. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995). We affirm in part, but vacate and remand for modification of the judgment.
 
 
 3
 A complaint may be dismissed as frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995).
 
 
 4
 "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 114 S.Ct. 2364, 2369 (1994) (citing Preiser v. Rodriquez, 411 U.S. 475, 489-90 (1973)); see Trimble, 49 F.3d at 586.
 
 
 5
 Faile specifically seeks release from prison, based on his claim that he is entitled to parole. His exclusive remedy is through habeas corpus. See Preiser, 411 U.S. at 490; Trimble, 49 F.3d at 586. Although we find no abuse of discretion in the district court's dismissal of Faile's complaint, we vacate the portion of the judgment dismissing the complaint with prejudice, and remand so that the dismissal may be entered without prejudice. See Trimble, 49 F.3d at 586. Because it was unnecessary for the district court to decide whether Faile had a liberty interest in early release, we need not decide the correctness of that portion of the court's order.
 
 
 6
 The parties shall bear their own costs.
 
 
 7
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3