94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth L. KRAUSE; David R. Bean; Edward F. Wills,
Plaintiffs-Appellants,
v.
Russ HEBERT; William Palzcewski; Commercial Drapery
Contractors, Inc., Defendants-Appellees.
 No. 95-15328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 16, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoners Kenneth L. Krause, David R. Bean, and Edward F. Wills, (collectively "appellants") appeal pro se the district court's summary judgment for prison officials and Commercial Drapery Contractors, Inc. ("CDC") in their 42 U.S.C. § 1983 action alleging that prison officials and CDC retaliated against them for engaging in constitutionally protected activity. We have jurisdiction pursuant to 28 U.S.C. § 1291[1] and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). Summary judgment should be granted "if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Id. "If a nonmoving party bears the burden of proof at trial, he must establish each element of his claim with significant probative evidence tending to support the complaint." Id. (internal quotations and citations omitted).
 
 
 4
 Appellants contend that the district court erred by granting summary judgment for prison official Hebert because appellants showed that Hebert brought disciplinary charges against them in retaliation for appellants' exercise of their First Amendment right to engage in litigation. This contention lacks merit.
 
 
 5
 In order to succeed on a claim of retaliation under section 1983, a prisoner must show that he or she was retaliated against for engaging in a constitutionally protected activity, and that the exercise of protected conduct was the substantial or motivating factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). The prisoner also "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995).
 
 
 6
 Here, appellants alleged in their second amended complaint that Hebert "arbitrary [sic] and capriciously, without legitimate or reasonable penological purpose or goal, decided to write [appellants] up with a notice of charges for exercising their rights to freedom of speech and [to] petition the government for redress,...." In support of this contention, appellants asserted in their declarations that the disciplinary charges "did not advance legitimate goals because their actions were due to covering up their own criminal activity."[2]
 
 
 7
 In support of his motion for summary judgment, Hebert presented copies of the disciplinary complaints charging appellants with violations of various institutional rules, including unauthorized contact with the public, and the mailing of an allegedly fictitious notice of mechanic's lien.[3]
 
 
 8
 Appellants failed to provide any evidence from which a reasonable jury could infer that the substantial or motivating factor behind Hebert's initiation of disciplinary proceedings was retaliation for filing lawsuits, rather than to discern whether appellants engaged in unauthorized activities. See Soranno's Gasco, 874 F.2d at 1314. Because appellants failed to show a genuine issue of material fact regarding retaliation or an absence of legitimate correctional goals for Hebert's official action, Hebert is entitled to summary judgment. See Pratt, 65 F.3d at 806.
 
 
 9
 Appellants also contend that the district court erred by granting summary judgment for appellee Palzcewski because appellants showed that Palzcewski fired inmate Bean from employment in the prison drapery factory in retaliation for engaging in constitutionally protected activities. This contention lacks merit.
 
 
 10
 The district court took judicial notice of the record in Wills v. Skolnick, No. CV-93-00468-DWH, in which appellants stated that they did "not dispute the fact that they were reassigned from the ESP Drapery Factory for cause by an ESP Classification Committee in 1991." Appellants failed to object to the district court's taking of judicial notice. Because appellants admitted that Bean was reassigned from his prison job for cause, they cannot show that his firing failed to advance legitimate penological goals. Accordingly, Palzcewski is entitled to summary judgment. See id.; see also U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir.1980) (noting that a court may take judicial notice of its own records in other cases).
 
 
 11
 Appellants further contend that the district court erred by granting summary judgment for CDC because appellants showed that CDC was a joint participant in the retaliatory actions of the prison officials. Because appellants failed to provide evidence tending to show that prison officials took prohibited action, appellants necessarily failed to show that CDC, a private corporation, acted in concert with the state to deprive appellants of their constitutionally protected rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930-31 (1982) (explaining that a plaintiff must show a constitutional violation and state action to hold private party liable under section 1983).
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the notice of appeal was filed more than 30 days after the entry of the order granting summary judgment, the district court had not yet entered judgment. Accordingly, appellants' notice of appeal is timely. See Fed.R.App.P. 4(a)(2)
 
 
 [2]
 Appellants alleged that prison officials and CDC illegally refused to pay them minimum wages for their work in the prison drapery factory
 
 
 [3]
 Both parties agree that the mechanic's lien was valid, and that all disciplinary charges against appellants were dropped following disciplinary proceedings
 
 
 [4]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal