94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HILTON INNS, INC., a Delaware corporation, Plaintiff-Appellee,
v.
GULF BEACH HOTEL, INC., d/b/a Perdido Beach Hilton, an
Alabama corporation; Does 1 Through 100,
inclusive, Defendants-Appellants
 No. 94-56635.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided Aug. 16, 1996.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and MARQUEZ,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Gulf Beach Hotel, Inc. ("Gulf Beach") appeals the district court's denial of its motion for summary judgment and entry of judgment in favor of Hilton Inns, Inc. ("Hilton") on the issue of liability in this breach of contract action. Gulf Beach also appeals numerous evidentiary rulings the district court made at the trial on damages. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.
 
 I.
 
 4
 Gulf Beach moved for summary judgment on the ground that Alabama law governs the parties' contract, and under Alabama law Hilton is precluded from bringing this suit because it was not registered in Alabama at the time the License Agreement was executed.
 
 
 5
 Applying California conflicts of laws rules, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941), we agree with the district court that Paragraph 18 of the License Agreement, which designates California law as the applicable law, is enforceable.
 
 
 6
 Cal.Civ.Code § 1646.5 provides that the parties to a contract involving not less than two hundred fifty thousand dollars may agree that California law shall govern their rights and duties under the contract "whether or not the contract, agreement, or undertaking or transaction bears a reasonable relation to this state." Section 1646.5 applies to contracts "entered into before, on, or after its effective date; it shall be fully retroactive."
 
 
 7
 Gulf Beach does not dispute that the transaction covered by the License Agreement involved more than $250,000 in the aggregate. Gulf Beach contends, however, that a proper choice of law analysis would include consideration of Alabama's strong policy of prohibiting foreign corporations not registered in the state from enforcing contracts against Alabama citizens. This contention fails in light of the legislative history to § 1646.5, which reveals that California lawmakers believed the section "would exempt court actions 'arising from such contracts, agreements or undertakings from provisions of law which authorize the court to stay or dismiss actions on the basis that the interests of substantial justice require the action to be heard in an out-of-state forum.' " Credit Lyonnais Bank Nederland, N.V. v. Manatt, Phelps, Rothenberg & Tunney, 202 Cal.App.3d 1424, 1434 n. 14. 249 Cal.Rptr. 559, 564 n. 14 (1988) (quoting Sen. Rules Com., 3d reading, Analysis of Assem. Bill No. 3223 (1985-86 Reg. Sess.))
 
 
 8
 Because under California substantive law Hilton is not precluded from maintaining this action despite its failure to register in Alabama prior to the execution of the License Agreement, the district court correctly denied Gulf Beach's motion for summary judgment.
 
 II.
 
 9
 Hilton filed a motion for summary judgment on liability, arguing that, as a matter of law, Gulf Beach materially breached by terminating the License Agreement. Gulf Beach defended by contending that it had a right to terminate because Hilton materially breached first. See Superior Motels, Inc. v. Rinn Motor Hotels, Inc., 195 Cal.App.3d 1032, 1051, 241 Cal.Rptr. 487, 495 (1987). The district court originally denied this motion but granted it upon reconsideration.
 
 
 10
 According to the License Agreement, Gulf Beach agreed to operate in accordance with the provisions of the License Agreement and Hilton's Operating Manual, which could be revised from time to time. While it might be argued that the actions Gulf Beach contends were material breaches of the License Agreement on Hilton's part are consistent with the revised Operating Manual, counsel at oral argument quite properly admitted that the Operating Manual could only be revised in a commercially reasonable manner. Because we find there exists a genuine issue of material fact as to whether it was commercially reasonable for Hilton to revise the Operating Manual (1) to require the purchase of a new computer system when the Perdido Beach Hilton already had a computer system; (2) to require the sharing of reservation information; and (3) to provide for a different method of allocating the cost of the reservation system, Hilton is not entitled to summary judgment, and a trial on the merits is necessary.
 
 III.
 
 11
 Where, as here, a district court fails to give reasons for denying a motion to amend, we reverse unless the record clearly dictates the denial of the motion. Mayes v. Leipziger, 729 F.2d 605, 608 (9th Cir.1984).
 
 
 12
 Although Hilton contends that the motion was untimely because it was brought "on the eve of the original trial date" and was set for the date of the original pre-trial conference, we note that the motion was brought before Hilton's motion for summary judgment on its breach of contract claim. Because we find that Hilton is not entitled to summary judgment, it would not be futile for Gulf Beach to pursue these counterclaims. Moreover, it is difficult to see how Hilton would have been prejudiced by the amendment because these proposed "claims" mirror Gulf Beach's defenses.
 
 
 13
 The record does not dictate the denial of the motion, and upon remand Gulf Beach should be given the opportunity to amend its counterclaim.
 
 IV.
 
 14
 In light of our ruling that Hilton was not entitled to summary judgment, we need not address Gulf Beach's arguments that the district court erred in a number of its evidentiary rulings.
 
 
 15
 AFFIRMED as to Gulf Beach's motion for summary judgment; REVERSED as to Hilton's motion for summary judgment and Gulf Beach's motion to amend; and REMANDED for proceedings consistent with this memorandum disposition. Each party to bear its own costs.
 
 
 
 *
 Honorable Alfredo C. Marquez, United States Senior District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3