94 F.3d 651
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Telesforo GUTIERREZ-ESCAMILLA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Telesforo Gutierrez-Escamilla, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily dismissing his appeal from an immigration judge's ("IJ") order denying his application for suspension of deportation under 8 U.S.C. § 1254(a). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition in part and dismiss in part.
 
 
 3
 Gutierrez-Escamilla contends that the BIA erred by summarily dismissing his appeal because the BIA should have considered the merits of his case and reviewed the record for sufficiency of the evidence. Gutierrez-Escamilla further contends that the BIA's order of summary dismissal violated his procedural due process rights. These contentions lack merit.
 
 
 4
 First, the notice of appeal must "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why." Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992) (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)). Generalized and conclusory statements are insufficient. See Toquero, 956 F.2d at 195.
 
 
 5
 Here, Gutierrez-Escamilla's notice of appeal states that "[t]he Judge failed to adequately assess my equities in the U.S. I believe that the facts presented do create a record showing good moral character." Such a generalized and conclusory statement falls short of the specificity requirements. See Toquero, 956 F.2d at 196.
 
 
 6
 Second, the petitioner must "receive constitutionally adequate notice that his appeal could be summarily dismissed." Castillo-Manzanarez v. INS, 65 F.3d 793, 795 (9th Cir.1995). When the Immigration and Naturalization Service ("INS") files a motion to dismiss, the petitioner is on notice that the BIA might summarily dismiss the appeal. See Toquero, 956 F.2d at 196.
 
 
 7
 Here, after Gutierrez-Escamilla failed to file his appeal brief, the INS moved to summarily dismiss his appeal and served a copy of the motion on Gutierrez-Escamilla. Because Gutierrez-Escamilla was on notice for over a year, no due process violation occurred when the BIA summarily dismissed his appeal. See id. at 196-97. Accordingly, we deny the petition for review.
 
 
 8
 Last, Gutierrez-Escamilla contends that the IJ erred by considering certain evidence at the deportation hearing. Because Gutierrez-Escamilla failed to exhaust his administrative remedies by raising that issue before the BIA, we dismiss this contention for lack of jurisdiction. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987).
 
 
 9
 PETITION FOR REVIEW DENIED IN PART and DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3