**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KYU O. OH, | No. 07-73380 |
| Petitioner, | Agency No. A039-765-209 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Kyu O. Oh, a native and citizen of South Korea, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to remand and

dismissing her appeal from an immigration judge's removal order.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003).  We deny the petition for review.

The BIA did not abuse its discretion in denying Oh's motion to remand because she failed to establish prima facie eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(1) ("[A]ny period of continuous residence . . . in the United States shall be deemed to end . . . when the alien has committed an offense referred to in [8 U.S.C. § 1182(a)(2)]."); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

Because Oh filed her motion to remand "in place of" her appeals brief, the BIA did not err in concluding that she abandoned her appeal.  *See Toquero v. INS*, 956 F.2d 193, 196 (9th Cir. 1992).

Oh's remaining contention is unavailing.

**PETITION FOR REVIEW DENIED.**